## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEPOSITORS INSURANCE COMPANY, | : | |
| NATIONWIDE PROPERTY & CASUALTY | : | |
| INSURANCEE COMPANY, AMCO | : | |
| INSURANCE COMPANY, and NATIONWIDE: | | |
| MUTUAL FIRE INSURANCE COMPANY | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 2:22-CV-02065 |
| 4200 ROOSEVELT LLC, 4200 ROSE | : | |
| HOSPITALITY, LLC, WYNDHAM | : | |
| WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTEL & RESORTS, INC., | : | |
| WYNDHAM HOTEL AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| WYNDHAM HOTEL GROUP, LLC, SURATI | : | |
| MANAGEMENT GROUP, LLC, and A.H., | : | |
| AN INDIVIDUAL | : | |
| | : | |

## ANSWER WITH NEW MATTER OF DEFENDNATS, 4200 ROOSEVELT LLC AND 4200 ROSE HOSPITALITY LLC TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW come Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, by and through their undersigned counsel, McCormick & Priore, P.C., hereby answer the Complaint brought by Plaintiffs, Depositors Insurance Company, Nationwide Property & Casualty Insurance Company, AMCO Insurance Company, and Nationwide Mutual Fire Insurance Company (hereinafter "Plaintiffs"). In support therefore, defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, (hereinafter "Answering Defendants"), aver as follows:

## I.    PARTIES

1.    Denied. After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the paragraph.  Therefore, they are denied.  Strict proof thereof is demanded at trial, if material.

2.      Denied.   After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the paragraph.  Therefore, they are denied.  Strict proof thereof is demanded at trial, if material.

3.      Denied.  After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Therefore, they are denied.  Strict proof thereof is demanded at trial, if material.

4.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph.  Therefore, they are denied.  Strict proof thereof is demanded at trial, if material.

5.      Denied as stated.  It is admitted that Defendant, 4200 Roosevelt LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania. Since April 23, 2008, the majority owner of said entity has been Indra Patel, a resident of Bristol, Pennsylvania.

6.      Denied as stated.  Defendant, 4200 Rose Hospitality, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennvania with a principal place of business at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania. Since April 23, 2008, the majority owner of said entity has been Indra Patel, a resident of Bristol, Pennsylvania.

7.      Admitted in part; denied in part. It is admitted upon information and belief that Defendant, A.H., is an individual whose identity has been protected and who is named as Plaintiff in the Underlying Complaint. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining

averments in paragraph 7 of plaintiffs' Complaint. Consequently, these averments are deemed denied.

8.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

9.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

10.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

11.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

12.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

13.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

## II.      <u>JURISDICTION AND VENUE</u>

14.      Denied. The averments in paragraph 14 of plaintiffs' Complaint constitute

conclusions of law to which no response is required under the applicable Rules of Civil

Procedure.  Accordingly, they are denied.

15.     Denied.  The averments in paragraph 15 of plaintiffs' Complaint constitute

conclusions of law to which no response is required under the applicable Rules of Civil

Procedure.  Accordingly, they are deemed denied.  To the extent that the averments in paragraph

15 of plaintiffs' Complaint are deemed to be factual, after reasonable investigation, Answering

Defendants are without sufficient knowledge or information to form a belief as to the truth of

averments in paragraph 15 of plaintiffs' Complaint. Consequently, these averments are denied.

Strict proof thereof is demanded at trial, if material.


III.     **THE UNDERLYING COMPLAINT**

16.     Admitted in part; denied in part. It is admitted that a Civil Action Complaint was

brought by A.H. and filed in the Philadelphia Court of Common Pleas of Philadelphia County

under Docket No. 200102954 ("the Underlying Action"). By way of further response, the

Underlying Complaint, attached to plaintiffs' Complaint as Exhibit "A," is a writing which

speaks for itself, and any characterizations thereof are therefore denied.

17.     Denied.  The Underlying Complaint is a writing which speaks for itself.

Therefore, any characterizations thereof are denied.

18.     Denied.  The Underlying Complaint is a writing which speaks for itself.

Therefore, any characterizations thereof are denied.

19.     Denied.  The Underlying Complaint is a writing which speaks for itself.  Therefore,

any characterizations thereof are denied.  To the extent the averments may be deemed factual in

nature, after reasonable investigation, Answering Defendants are without sufficient knowledge or

information to form a belief as to the truth of averments contained in this paragraph. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

20.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

21.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

22.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

23.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

24.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

25.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

26.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

27.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

28.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied. To the extent that the remaining averments are conclusions of law, they are denied and no further response is required.

29.    Denied. The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

30.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

31.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

32.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

33.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

34.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

35.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

36.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

37.     Denied.  The Underlying Complaint is a writing which speaks for itself. Therefore, any characterizations thereof are denied.

38.     Denied.  The Underlying Complaint sis a writing which speaks for itself. Therefore, any characterizations thereof are denied.

### IV.     THE NATIONWIDE INSURANCE POLICIES

39.     Denied as stated.  It is admitted that at all times material hereto there existed in full force and effect a policy of insurance issued by Nationwide Property and Casualty Insurance Company under Policy No. ACP BPMK 5403384960 to named insureds "4200 Rose Hospitality LLC and 4200 Roosevelt LLC – DBA Days Inn" for policy period April 23, 2008 to April 23,

2009.  By way of further response, Nationwide Property and Casualty Insurance Company

Policy No., ACP BPMK 5403384960 ("the '960' policy"), attached to plaintiffs' Complaint as

Exhibit "B," is a writing which speaks for itself.  Any characterizations thereof are therefore

denied.

40.     Denied.  The averments contained in this paragraph are conclusions of law to

which no response is required.  To the extent they may be deemed factual in nature, the "960"

policy is a writing which speaks for itself.  Any characterizations thereof are therefore denied.

41.     Denied.  The '960' policy is a writing which speaks for itself. Any

characterizations or purported quotations thereof are therefore denied.  By way of further answer,

after reasonable investigation, Answering Defendants are without knowledge or information

sufficient to form a belief as to which forms, if any, should be considered a part of the complete

policy of insurance.  Therefore, any such allegations in this regard are denied.  Strict proof

thereof is demanded, at trial, if material.

42.     Denied.  The '960' policy is a writing which speaks for itself. Any

characterizations or purported quotations thereof are therefore denied.

43.     Denied.  The '960' policy is a writing which speaks for itself. Any

characterizations or purported quotations thereof are therefore denied.

44.     Denied.  The '960' policy is a writing which speaks for itself. Any

characterizations or purported quotations thereof are therefore denied.

45.     Denied.  The '960' policy is a writing which speaks for itself. Any

characterizations or purported quotations thereof are therefore denied.

46.     Denied.  The averments contained in this paragraph contain conclusions of law to

which no response is required.  To the extent the averments may be deemed factual in nature, the

960 policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.

47.     Denied.  The '960' policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.  By way of further answer, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to which forms, if any, should be considered a part of the complete policy of insurance.  Therefore, any such allegations in this regard are denied.  Strict proof thereof is demanded, at trial, if material.

48.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  Therefore, they are denied.  Strict proof thereof is demanded at trial, if material. By way of further answer, the averments in paragraph 48 of plaintiff's Complaint pertaining to the contents of any other policy of insurance policy refer to writings which speak for themselves. Any characterization thereof is therefore denied.

49.     Denied.  The '960' policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.  By way of further answer, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to which forms, if any, should be considered a part of the complete policy of insurance.  Therefore, any such allegations in this regard are denied.  Strict proof thereof is demanded, at trial, if material.

50.     Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

51.     Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

52.     Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent that they may be deemed factual, the averments regarding the contents of any insurance policy are writings which speak for themselves.  Any characterizations thereof are therefore denied.

53.     Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

54.     Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

55.     Denied as stated. It is admitted that at all times material hereto there existed in full force and effect a commercial umbrella policy of insurance issued by Nationwide Mutual Fire Insurance Company under policy no. ACP CAF 5403384960 to named insureds "4200 Rose Hospitality LLC and 4200 Roosevelt LLC – DBA Days Inn" for policy period April 23, 2008 to April 23, 2009 ("the '960' Umbrella Policy").  By way of further response, the '960' Umbrella Policy is attached to plaintiffs' Complaint as Exhibit "D," is a writing which speaks for itself. Any characterizations thereof are therefore denied.

56.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the

'960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.

57.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.

58.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.

59.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.

60.     Denied.  The '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.  By way of further answer, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to which forms, if any, should be considered a part of the complete policy of insurance.  Therefore, any such allegations in this regard are denied.  Strict proof thereof is demanded, at trial, if material.

61.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported

quotations thereof are therefore denied.

62.     Denied.  The '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.  By way of further answer, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to which forms, if any, should be considered a part of the complete policy of insurance.  Therefore, any such allegations in this regard are denied.  Strict proof thereof is demanded, at trial, if material.

63.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the '960' Umbrella policy is a writing which speaks for itself. Any characterizations or purported quotations thereof are therefore denied.

64.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments in this paragraph. Consequently, these averments are denied. By way of further answer, any policy of insurance referenced is a writing which speaks for itself.  Any characterizations thereof are therefore denied.

65.     Denied. The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, after reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of averments in this paragraph. Consequently, these averments are denied. By way of further answer, any policy of insurance referenced is a writing which speaks for itself.  Any characterizations thereof are therefore denied.

66.     Denied. The averments contained in this paragraph contain conclusions of law to

which no response is required.  To the extent the averments may be deemed factual in nature,

after reasonable investigation, Answering Defendants are without sufficient knowledge or

information to form a belief as to the truth of averments in this paragraph. Consequently, these

averments are denied. By way of further answer, any policy of insurance referenced is a writing

which speaks for itself.  Any characterizations thereof are therefore denied.

## COUNT I

## DECLARATORY JUDGMENT - PUBLIC POLICY

67.     Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, hereby

incorporate by reference its responses to paragraphs 1 through 66 of the Complaint, *supra*, as

though they were fully set forth herein at length.

68.     Denied.  The averments contained in this paragraph contain conclusions of law to

which no response is required.  To the extent the averments may be deemed factual in nature, the

averments relate to statutory provisions which are writings which speak for themselves.  Any

characterizations thereof are therefore denied.

69.     Denied.  The averments contained in this paragraph contain conclusions of law to

which no response is required.  To the extent the averments may be deemed factual in nature, the

averments relate to statutory provisions which are writings which speak for themselves.  Any

characterizations thereof are therefore denied.

70.     Denied.  The averments contained in this paragraph contain conclusions of law to

which no response is required.  To the extent the averments may be deemed factual in nature, the

averments relate to statutory provisions which are writings which speak for themselves.  Any

characterizations thereof are therefore denied.

71.     Denied.  The averments contained in this paragraph contain conclusions of law to

which no response is required.  To the extent the averments may be deemed factual in nature, the averments relate to statutory provisions which are writings which speak for themselves.  Any characterizations thereof are therefore denied.

72.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the averments relate to statutory provisions which are writings which speak for themselves.  Any characterizations thereof are therefore denied.

73.     Denied.  The averments contained in this paragraph contain conclusions of law to which no response is required.  To the extent the averments may be deemed factual in nature, the averments relate to statutory provisions which are writings which speak for themselves.  Any characterizations thereof are therefore denied.

74.     Denied. The averments contained in this paragraph refer to an underlying complaint which is a writing which speaks for itself.  Any characterization thereof is therefore denied.

75.     Denied. The averments contained in this paragraph refer to an underlying complaint which is a writing which speaks for itself.  Any characterization thereof is therefore denied.

76.     Denied. After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.   Therefore, they are denied.  Strict proof thereof is demanded at trial, if material. To the extent that the averments in this paragraph refer to the underlying complaint, this is a writing which speaks for itself.  Any characterization thereof is therefore denied.

77.     Denied. The averments contained in this paragraph constitute conclusions of law

to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

78.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

79.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

80.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

## COUNT II

## DECLARATORY JUDGMENT

## ABUSE AND MOLESTATION EXCLUSION

81.     Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, hereby incorporate by reference its responses to paragraphs 1 through 80 of the Complaint, *supra*, as though they were fully set forth herein at length.

82.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

## COUNT III

## DELCARATORY JUDGMENT

## INTENDED OR EXPECTED INJURY EXCLUSION

83.     Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, hereby incorporate by reference its responses to paragraphs 1 through 82 of the Complaint, *supra*, as though they were fully set forth herein at length.

84.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly,

they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

85.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

## COUNT IV

## DECLARATORY JUDGMENT

## OCCURENCE

86.     Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, hereby incorporate by reference its responses to paragraphs 1 through 85 of the Complaint, *supra*, as though they were fully set forth herein at length.

87.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

**COUNT V**

**DECLARATORY JUDGMENT**

**PERSONAL AND ADVERTISING INJURY OFFENSE**

88.     Defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, hereby incorporate by reference its responses to paragraphs 1 through 87 of the Complaint, *supra*, as though they were fully set forth herein at length.

89.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

90.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

91.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

**COUNT VI**

**DECLARATORY JUDGMENT**

**KNOWING VIOLATION EXCLUSION**

92.    Defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, hereby incorporate by reference its responses to paragraphs 1 through 91 of the Complaint, *supra*, as though they were fully set forth herein at length.

93.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

94.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including

counsel fees, and any other deemed appropriate by the Court.

## COUNT VII

## DECLARATORY JUDGMENT

## CRIMINAL ACTS EXCLUSION

95.     Defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, hereby

incorporate by reference its responses to paragraphs 1 through 94 of the Complaint, *supra*, as

though they were fully set forth herein at length.

96.     Denied. The averments contained in this paragraph constitute conclusions of law

to which no response is required under the applicable Rules of Civil Procedure.  Accordingly,

they are denied.

97.     Denied. The averments contained in this paragraph constitute conclusions of law

to which no response is required under the applicable Rules of Civil Procedure.  Accordingly,

they are deemed denied.  To the extent the averments may be deemed factual in nature, the

averments relate to writings which speak for themselves.  Any characterizations thereof are

therefore denied.

98.     Denied. The averments contained in this paragraph constitute conclusions of law

to which no response is required under the applicable Rules of Civil Procedure.  Accordingly,

they are deemed denied.  To the extent the averments may be deemed factual in nature, the

averments relate to writings which speak for themselves.  Any characterizations thereof are

therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC,

demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment

be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including

counsel fees, and any other deemed appropriate by the Court.

## COUNT VIII

## DELCARATORY JUDGMENT

## PUNITIVE DAMAGES

99.     Defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, hereby incorporate by reference its responses to paragraphs 1 through 98 of the Complaint, *supra*, as though they were fully set forth herein at length.

100.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

101.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.

102.     Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are deemed denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including

counsel fees, and any other deemed appropriate by the Court.

## COUNT IX

## DECLARATORY JUDGMENT

## WYNDHAM DEFENDANTS – GRANTOR OF FRANCHISE ENDORSEMENT

103-110.       The averments contained in these paragraphs are not directed toward the

Answering Defendants.  Therefore, no response is required.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC,

demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment

be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including

counsel fees, and any other deemed appropriate by the Court.

## COUNT X

## DECLARATORY JUDGMENT

## WYNDHAM HOTEL & RESORTS, INC., WYNDHAM HOTEL MANAGEMENT, INC.,

## WYNDHAM HOTELS AND RESORTS, LLC, AND SURATI MANAGEMENT LLC

## AS INSUREDS

110 [sic] - 111.       The averments contained in these paragraphs are not directed

toward the Answering Defendants.  Therefore, no response is required.

**WHEREFORE** defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC,

demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment

be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including

counsel fees, and any other deemed appropriate by the Court.

## COUNT XI

## DECLARATORY JUDGMENT

## OTHER INSURANCE

112 -118.        The averments contained in these paragraphs are not directed toward the

Answering Defendants.  Therefore, no response is required.

**WHEREFORE** defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC,

demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment

be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including

counsel fees, and any other deemed appropriate by the Court.

## COUNT XII

## DECLARATORY JUDGMENT

## EXCESS POLICIES

119. Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, hereby

incorporate by reference its responses to paragraphs 1 through 118 of the Complaint, *supra*, as

though they were fully set forth herein at length.

120.        Denied. The averments contained in this paragraph constitute conclusions of law

to which no response is required under the applicable Rules of Civil Procedure.  Accordingly,

they are denied.  To the extent the averments may be deemed factual in nature, the averments

relate to writings which speak for themselves.  Any characterizations thereof are therefore

denied.

121.        Denied. The averments contained in this paragraph constitute conclusions of law

to which no response is required under the applicable Rules of Civil Procedure.  Accordingly,

they are denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

122.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

123.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

124.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

125.    Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure.  Accordingly, they are denied.  To the extent the averments may be deemed factual in nature, the averments relate to writings which speak for themselves.  Any characterizations thereof are therefore denied.

**WHEREFORE** defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

## COUNT XIII

## DECLARATORY JUDGMENT

## EXCESS POLICIES – OTHER INSURANCE

126 - 129.    The averments contained in these paragraphs are not directed toward the Answering Defendants.  Therefore, no response is required.

**WHEREFORE** defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, demand that plaintiffs' Complaint be dismissed with prejudice, or, alternatively, that judgment be entered in their favor on plaintiffs' Complaint, together with their costs of defense, including counsel fees, and any other deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe and there is no justiciable controversy between the parties to this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties to this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have waived any rights to deny coverage by failing to properly and timely notify its insureds of any bases for or intent to deny coverage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from denying coverage by failing to properly and timely notify its insureds of any bases for or intent to deny coverage.

## FIFTH AFFIRMATIVE DEFENSE

The operative terms of the insurance policies at issue are ambiguous and must be construed against Plaintiffs as the drafters of such terms to provide coverage.

## SIXTH AFFIRMATIVE DEFENSE

The operative terms of the insurance policies at issue are against public policy and therefore cannot be enforced as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

The operative terms of the insurance policies relied upon by the Plaintiffs are unconscionable and therefore cannot be enforced as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the doctrine of unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Insurance coverage must be provided because Answering Defendants had a reasonable expectation of coverage when Answering Defendants purchased the policies from Plaintiffs and paid premiums for the policies.

## ELEVENTH AFFIRMATIVE DEFENSE

This Court should abstain from exercising jurisdiction while the underlying suit against

the Answering Defendants remains pending because a substantial similarity of issues of fact exist

which are common to and may be dispositive of both the present action and underlying suit

against the Answering Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants have provided timely notice of the claim for defense and

indemnity of the Underlying lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants have made an appropriate demand for defense and indemnity of

of the Underlying lawsuit as contemplated and required by the terms of Plaintiffs' insurance

policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants have complied with all terms and conditions precedent in the

policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

By issuing a reservation of rights and filing this declaratory judgment action, Plaintiffs

have waived their right to control indemnity.  *See Babcock & Wilcox Co. v. Am. Nuclear*

*Insurers*, 635 Pa. 1, 131 A.3d 445 (2015).

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering defendants reserve the right to supplement this pleading to include additional

affirmative defenses which may be disclosed during the course of litigation.

**COUNTERCLAIM**

1.        4200 Roosevelt LLC and 4200 Rose Hospitality LLC (the "4200 Defendants")
seek a declaratory judgment that Nationwide Property and Casualty Insurance Company,
Depositors Insurance Company, Nationwide Mutual Fire Insurance Company, and AMCO
Insurance Company (collectively "Plaintiffs") have a duty to defend and indemnify the 4200
Defendants in the underlying action filed by A.H. in the Philadelphia Court of Common Pleas
under docket no. 200102954 (the "Underlying Suit.")

2.        The 4200 Defendants also seek to recover the damages they have and will suffer
as a result of Plaintiffs' breach of contract.

## I.        STATEMENT OF FACTS COMMON TO ALL COUNTERCLAIM COUNTS

### A.        The Underlying Suit

3.        The 4200 Defendants were sued in an action brought in the Philadelphia Court of
Common Pleas ("The Underlying Suit").  A true and correct copy of the Complaint in the
Underlying Suit is attached hereto as Exhibit "A."

4.        The Underlying Suit is currently in deferred status.  A true and correct copy of the
dockets showing an order entered on November 8, 2021 is attached hereto and marked as Exhibit
"B."

5.        The Underlying Suit alleges that the 4200 Defendants were negligent in failing to
prevent sex trafficking which occurred on their premises.  *See* Exhibit "A' at ¶ 152(a) – (qq).

6.        Specifically, the Underlying Suit alleges that "beginning in the summer of 2008"
and for eight months while A.H. was between the ages of seventeen (17) and eighteen (18), 4200
Roosevelt LLC and 4200 Rose Hospitality LLC were negligent in that they owed a duty of care
to A.H., but breached that duty because they "know [sic] or should have known that adults

working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis." *See* Exhibit "A" at ¶¶ 87, 102, 150.

7.    The Underlying Suit also alleges that the 4200 Defendants "should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn."  *See* Exhibit "A" at ¶ 151.

8.    The Underlying Suit also alleges that the 4200 Defendants "negligently committed the acts averred in this Complaint and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing damages to Plaintiff." *See* Exhibit "A" at ¶ 157.

9.    The Underlying Suit also alleges that the 4200 Defendants had a "duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated conduct by third parties" and negligently failed to "hire, train, manage, supervise, and/or control their agents and/or employees."  *See* Exhibit "A" at ¶¶164, 168.

10.    The Underlying Suit also alleges that bodily injury resulted from the 4200 Defendants' conduct, in the form of "physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of enjoyment of life and loss of life's pleasures, both in the past and future." *See* Exhibit "A" at ¶167.

**B.  The Primary Policy**

11.    At all times material hereto there existed in full force and effect a policy of insurance issued by Plaintiffs to the 4200 Defendants providing Commercial General Liability ("CGL") insurance, bearing policy number "ACP BPMK 5403384960" and effective from April

23, 2008 through April 23, 2009  ("the Primary Policy"). Answering Defendants have attached

what is believed to be a true and correct copy of the Primary Policy as Exhibit "C."

      12.    The named insureds listed on the Primary Policy are listed as "4200 Rose

Hospitality LLC and 4200 Roosevelt LLC - DBA Days Inn." *See* Exhibit "C."

      13.    "Coverage A" of the Primary Policy obligates Plaintiffs to defend and indemnify

the 4200 Defendants in lawsuits involving "'bodily injury' . . . caused by an 'occurrence'":

> 1.  **INSURING AGREEMENT**
>
>     a.  **We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.**
>
>       **HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.**
>
>     …
>
>     b.  **This insurance applies to "bodily injury" and "property damage" only if:**

> 1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> 2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> 3) Prior to the policy period, no insured listed under Paragraph 1. of Section II. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

*See* Exhibit "C" at page 51, Premier Businessowners Liability Coverage Form, I - Coverages, A – Coverage A - Bodily Injury and Property Damage Liability, ¶¶ 1(a) and (1)(b).

14. The Primary Policy defines the term "bodily injury" as:

> 3. **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*See* Exhibit "C" at pg. 70, Premier Businessowners Liability Coverage Form, V - Definitions, ¶3.

15. The Primary Policy defines the term "occurrence" as an "accident, including . . . exposure to substantially the same general harmful conditions":

> 13. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*See* Exhibit "C" at pg. 72, Premier Businessowners Liability Coverage Form , V - Definitions,

¶13.

16.     The Primary Policy does not define the term "accident."  *See* Exhibit "C."

17.     The Primary Policy does not define the term "substantially the same general

harmful conditions."  *See* Exhibit "C."

18.     Coverage B of the Primary Policy requires Plaintiffs to defend and indemnify the

4200 Defendants in lawsuits involving "personal and advertising injury."

1.   **INSURING AGREEMENT**

a.   We will pay those sums up to the ap-
     plicable Limit of Insurance that the in-
     sured becomes legally obligated to pay
     as damages because of "personal and
     advertising injury" to which this insur-
     ance applies.  We will have the right
     and duty to defend the insured against
     any "suit" seeking those damages for
     which there is coverage under this
     policy.

     HOWEVER, we will have no duty to de-
     fend the insured against any "suit"
     seeking damages for "personal and
     advertising injury" to which this insur-
     ance does not apply.

     We may, at our sole discretion, inves-
     tigate any offense and settle any claim
     or "suit" that may result.  But:

     1)  The amount we will pay for dam-
         ages is limited as described in
         Section III. LIMITS OF INSURANCE;
         and

     2)  Our right and duty to defend end
         when we have used up the appli-
         cable limit of insurance in the
         payment of judgments or settle-
         ments under COVERAGES A or B
         or medical expenses under COV-
         ERAGE C.

     No other obligation or liability to pay
     sums or perform acts or services is
     covered unless explicitly provided for
     under SUPPLEMENTARY PAYMENTS -
     COVERAGES A AND B.

b.   This insurance applies to "personal
     and advertising injury" caused by an
     offense arising out of your business but
     only if the offense was committed in
     the "coverage territory" during the pol-
     icy period.

Exhibit "C" at pg. 59, Premier Businessowners Liability Coverage Form, Section I - Coverages,

Part B – Personal and Advertising Injury Liability, Section 1 – Insurance Agreement.

19.     Coverage "B" of the Primary Policy defines "personal and advertising injury . . . arising out of . . . false arrest, detention or imprisonment:"

14.  **"Personal and advertising injury"** means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.  False arrest, detention or imprisonment;

b.  Malicious prosecution;

c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.  Oral or written publication of material that violates a person's right of privacy;

f.  The use of another's advertising idea in your "advertisement"; or

g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

Exhibit "C" at pg. 72, Premier Businessowners Liability Coverage Form, Section V – Definitions, ¶14.

20.     The Primary Policy does not define the phrase "arising out of."  *See* Exhibit "C."

21.     The Primary Policy does not define the phrase "false arrest, detention, or imprisonment." *See* Exhibit "C."

### C.     <u>The Umbrella Policy</u>

22.     At all times material hereto there existed in full force and effect a policy of insurance issued by Plaintiffs to the 4200 Defendants bearing policy number "ACP CAF

5403384960," providing Commercial Umbrella Liability Insurance and effective from April 23, 2008 through April 23, 2009 (the Umbrella Policy).  Answering Defendants have attached what is believed to be a true and correct copy of the Umbrella Policy as Exhibit "D."

  23. The Umbrella Policy "follows form" and thereby obligates Plaintiffs to defend and indemnify the 4200 Defendants in lawsuits involving:

- Coverage "A" - "'bodily injury' . . . caused by an 'occurrence,'" which is defined in terms of an "accident, including . . . exposure to substantially the same general harmful conditions," as well as;

- Coverage "B" - "personal and advertising injury . . . arising out of . . . false arrest, detention or imprisonment"

as follows:

**A. Coverage A - Excess Follow Form Liability Insurance**

1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:

 a. any contrary provision contained in this policy; or

 b. any provision in this policy for which a similar provision is not contained in "underlying insurance".

2. With respect to the exceptions stated above, the provisions of this policy will apply.

3. The amount we will pay for damages is limited as described in Limits of Insurance.

4. Notwithstanding anything to the contrary contained above, if "underlying insurance" does not cover "loss" for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such "loss".

5. We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.

6. If we are prevented by law from paying on behalf of the "insured" for coverage provided under this insurance, then we will indemnify the "insured".

7. With respect to any coverage provided by "underlying insurance" that is on a claims-made basis:

   a. this insurance does not apply to injury or damage which occurred before the Retroactive Date, if any, shown in the "underlying insurance", or which occurs after the policy period; and

   b. the aggregate limit shall not be reinstated on this insurance except by endorsement thereon.

**B.  Coverage B - Umbrella Liability Insurance**

1. Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law or assumed under an "insured contract" because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". We will pay such damages in excess of the Retained Limit Aggregate specified in Item 5 of the Declarations or the amount payable by "other insurance", whichever is greater.

2. Damages because of "bodily injury" include damages claimed by any person or organization for care or loss of services resulting at any time from "bodily injury".

3. This coverage applies anywhere.

4. The amount we will pay is limited as described in Limits of Insurance.

5. Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

> **6.** We have no obligation under this insurance with respect to any claim or "suit" settled without our consent.
>
> **7.** If we are prevented by law from paying on behalf of the "insured" for coverage provided under this insurance, then we will indemnify the" insured".

*See* Exhibit "D" at pg. 10, Commercial Umbrella Liability Policy, Insuring Agreements, Part A and Part B.

24.     The Umbrella Policy does not define the term "accident" as it pertains to an occurrence. *See* Exhibit "D."

25.     The Umbrella Policy does not define the term "substantially the same" as it pertains to an occurrence. *See* Exhibit "D."

26.     The Umbrella Policy does not define the phrase "arising out of."  *See* Exhibit "D."

27.     The Umbrella Policy does not define the phrase "false arrest, detention, or imprisonment." *See* Exhibit "D."

**D.     <u>Notice and Tenders of Defense and Indemnity</u>**

28.     The terms of the Primary and Umbrella policies require the 4200 Defendants to notify Plaintiffs of any lawsuits filed against the 4200 Defendants.  *See* Primary policy at pg. 68, Premier Businessowners Liability Coverage Form, IV – Liability Conditions, ¶ 2; *see also* Umbrella policy at pg. 19, Commercial Umbrella Liability Policy, Conditions, ¶ 6.

29.     On March 16, 2020, Plaintiffs issued a "reservation of rights" letter in which Plaintiffs agreed to defend but refused to agree to indemnify the 4200 Defendants in the Underlying Suit.  A true and correct copy of the reservation of rights letter is attached hereto and marked Exhibit "E."

30.     In the reservation of rights letter, Plaintiffs did not make any reference to federal law criminalizing sex trafficking (77 U.S.C. § 1589(a)(b)) or the public policy implications

thereof.  *See* Exhibit "E."  Further, in their reservation of rights letter, Plaintiffs did not make any reference to Coverage A of the Umbrella Policy being dependent upon coverage being conveyed by the underlying insurance.  Further, in their reservation of rights letter Plaintiffs did not make any reference to the liability described in the Underlying Complaint being excluded from Coverage B of the Umbrella policy due to not being an occurrence, due to not being a "personal or advertising injury," or due to "Expected or Intended Injury" exclusion..  *See* Exhibit "E." Nonetheless, Plaintiffs make these arguments in their Declaratory Judgment Complaint. *See* Declaratory Judgment Complaint at Count I, Count XII.

31.     The 4200 Defendants relied upon the representations made in the reservation of rights letter.

## COUNT I:

## DECLARATORY JUDGMENT

## COVERAGE A – PRIMARY AND UMBRELLA POLICIES

32.     Defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, hereby incorporate by reference paragraphs 1 through 31 of the Counterclaim, *supra*, as though they were fully set forth herein at length.

33.     Under both the Primary and Umbrella Policies, Plaintiffs owe a duty to defend the 4200 Defendants and to indemnify for those sums that the 4200 Defendants may become legally obligated to pay as damages as a result of in the Underlying Suit.

34.     The Underlying Suit alleges the 4200 Defendants were negligent in various ways for failing to prevent sex trafficking which caused damages because of "bodily injury."

35.     The negligent failure to prevent a pattern of sex trafficking as alleged in the Underlying Suit constitutes an "accident," which is defined as an "occurrence" triggering the duty to defend under Coverage "A" in both the Primary and Umbrella Policies.

36.     In the alternative, Plaintiffs' failure to define the term "accident" in both the Primary and Umbrella policies creates an ambiguity which should be held against Plaintiffs as the drafter of these insurance policies which are contracts of adhesion.

37.     In the alternative, Plaintiffs' failure to define the term "substantially the same general harmful conditions" in both the Primary and Umbrella policies creates an ambiguity which should be held against Plaintiffs as the drafter of these insurance policies which are contracts of adhesion.

**WHEREFORE**, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, respectfully request this Honorable Court to order Plaintiffs to:

a. Provide a full and complete defense to the 4200 Defendants in the Underlying Suit under both the Primary and Umbrella Policies;

b. Indemnify the 4200 Defendants for any sums that the 4200 Defendants may become legally obligated to pay as damages as a result of in the Underlying Suit under both the Primary and Umbrella Policies;

c. Pay for any damages incurred including attorneys' fees expended in the defense of this declaratory judgment action;

d. Provide any other form of relief considered just and reasonable as allowed under the law.

### COUNT II:

### DECLARATORY JUDGMENT

### COVERAGE B – PRIMARY AND UMBRELLA POLICIES

38. Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, hereby incorporate by reference paragraphs 1 through 37 of the Counterclaim, *supra*, as though they were fully set forth herein at length.

39. Under both the Primary and Umbrella Policies, Plaintiffs owe a duty to defend the 4200 Defendants and to indemnify for those sums that the 4200 Defendants may become legally obligated to pay as damages as a result of in the Underlying Suit.

40. The Underlying Suit alleges the 4200 Defendants were negligent in various ways for failing to prevent sex trafficking which caused damages because of "personal and advertising injury. . . arising out of . . . false arrest, detention or imprisonment."

41.     The negligent failure to prevent a pattern of sex trafficking as alleged in the Underlying Suit constitutes an "personal and advertising injury. . . arising out of . . . false arrest, detention or imprisonment" triggering the duty to defend under Coverage "A" in both the Primary and Umbrella Policies.

42.     In the alternative, Plaintiffs' failure to define the phrase "arising out of" in both the Primary and Umbrella policies creates an ambiguity which should be held against Plaintiffs as the drafter of these insurance policies which are contracts of adhesion.

43.     In the alternative, Plaintiffs' failure to define the term the phrase "false arrest, detention, or imprisonment" in both the Primary and Umbrella policies creates an ambiguity which should be held against Plaintiffs as the drafter of these insurance policies which are contracts of adhesion.

**WHEREFORE**, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC, respectfully request this Honorable Court to order Plaintiffs to:

a.      Provide a full and complete defense to the 4200 Defendants in the Underlying Suit under both the Primary and Umbrella Policies;

b.      Indemnify the 4200 Defendants for any sums that the 4200 Defendants may become legally obligated to pay as damages as a result of in the Underlying Suit under both the Primary and Umbrella Policies;

c.      Pay for any damages incurred including attorneys' fees expended in the defense of this declaratory judgment action;

d.      Provide any other form of relief considered just and reasonable as allowed under the law.

## COUNT III:

## BREACH OF CONTRACT

44.     Defendants, 4200 Roosevelt LLC and4200 Rose Hospitality LLC, hereby

incorporate by reference paragraphs 1 through 43 of the Counterclaim, *supra*, as though they

were fully set forth herein at length.

45.     The 4200 Defendants, for valuable consideration, purchased both the Primary and

Umbrella Policies from the Plaintiffs.

46.     Plaintiffs owe the 4200 Defendants a duty of defense and indemnity for the

Underlying Suit.

47.     Plaintiffs have anticipatorily breached their duties under the Primary and

Umbrella policies by commencing this declaratory judgment action seeking to avoid these duties.

48.     As a direct and proximate result of Plaintiffs anticipatory breaches of their duties

to defend and indemnify, the 4200 Defendants have suffered damages including attorney's fees

and costs associated with this declaratory judgment action, as well as any costs in defending the

Underlying Suit which may, in the future, be incurred if a defense or indemnity is denied.

**WHEREFORE** Defendants / Counterclaim-Plaintiffs, 4200 Roosevelt LLC and4200

Rose Hospitality LLC, respectfully request that this Honorable Court enter judgment in their

favor and against Plaintiffs/Counterclaim-Defendants Nationwide Property and Casualty

Insurance Company and Nationwide Mutual Fire Insurance Company, for actual damages, plus

costs, interest and any other relief deemed appropriate by the Court.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By: _*S Scott J. Tredwell*_

Scott J. Tredwell, Esquire
Attorney ID: 57364
**McCormick & Priore, P.C.**
450 Plymouth Road, Suite 204
Plymouth Meeting, PA 19462
(T) 215-664-4004
(F) 215-664-4005
STredwell@mccormickpriore.com
Attorney for Defendants,
4200 Roosevelt, LLC, and
4200 Rose Hospitality, LLC

Dated: July 22, 2022

## CERTIFICATE OF SERVICE

I, Scott J. Tredwell. Esquire, hereby certify that a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Declaratory Judgment Complaint have been electronically filed with the Court (and is available for viewing and downloading from the ECF system) and served, via the Court's Electronic Case Filing system, on the below listed counsel of record, on the date indicated below:

William T. Salzer, Esquire
*Swartz Campbell LLC*
1650 Market Street, 38th Floor
One Liberty Place
Philadelphia, PA 19103
***Attorney for Plaintiffs***

Erin D. Fleury
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
***Attorney for Defendants, Wyndham Worldwide Corporation;***
***Wyndham Hotels & Resorts, Inc.;***
***Wyndham Hotels and Resorts LLC;***
***Wyndham Hotel Management, Inc.; and***
***Wyndham Hotel Group, LLC***

**McCORMICK & PRIORE, P.C.**

By:   *S Scott J. Tredwell*
Scott J. Tredwell, Esquire
Attorney ID: 57364
**McCormick & Priore, P.C.**
450 Plymouth Road, Suite 204
Plymouth Meeting, PA 19462
(T) 215-664-4004
(F) 215-664-4005
STredwell@mccormickpriore.com

Attorney for Defendants,
4200 Roosevelt, LLC, and
4200 Rose Hospitality, LLC

Dated: __July 22, 2022__

## VERIFICATION

I, <u>Indra Patel</u>, verify that the forgoing Answer with New Matter and New Matter Crossclaim is based on first-hand information and/or information furnished by my counsel and I and obtained by him in the course of investigating this lawsuit. Some of the language of this document is that of counsel and not of affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, the affiant has relied upon counsel in taking this Verification. All statements are founded upon reasonable belief. This Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Indra Patel, President
4200 Roosevelt, LLC and
4200 Rose Hospitality, LLC

Dated: July 22, 2022