# EXHIBIT "A"

Filed and Attested by the
Office of Judicial Records
24 JAN 2020 03:51 pm
A. SILIGRINI

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/ARA RICHARD AVRIGIAN/
K. ANDREW HEINOLD
IDENTIFICATION NO: 36283/67196/319507
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **A.H.**<br>c/o Saltz, Mongeluzzi,<br>Barrett & Bendesky, P.C.<br>1650 Market Street<br>52nd Floor<br>Philadelphia, PA 19103<br>*Plaintiff*<br>vs.<br><br>**ROOSEVELT INN, LLC**<br>**d/b/a ROOSEVELT INN**<br>7600 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>*And*<br><br>**ROOSEVELT MOTOR INN, INC.**<br>7600 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>*And*<br><br>**UVFS MANAGEMENT COMPANY, LLC**<br>287 Bowman Avenue<br>Purchase, NY 10577<br><br>*And*<br><br>**YAGNA PATEL**<br>7600 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>*And* | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**JANUARY TERM, 2020**<br><br>**No.:**<br><br>**JURY OF 12 DEMANDED**<br><br>**THIS IS NOT AN ARBITRATION MATTER** |

**ALPHA-CENTURION SECURITY, INC.**
**d/b/a ALPHA CENTURY SECURITY, INC.**
3720 West Chester Pike
Newtown Square, PA 19073

*And*

**ALPHA CENTURY SECURITY, INC.**
3720 West Chester Pike
Newtown Square, PA 19073

*And*

**WYNDHAM HOTEL COMPANY**
**d/b/a RAMADA INN**
c/o CT Corporation System
600 N. Second Street, Suite 401
Harrisburg, PA  17101

*And*

**WYNDHAM HOTEL MANAGEMENT,**
**INC. d/b/a RAMADA INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**WYNDHAM HOTELS AND RESORTS,**
**LLC d/b/a RAMADA INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**4200 ROOSEVELT LLC and**
**4200 ROOSEVELT LLC d/b/a**
**DAYS INN**
4200 Roosevelt Boulevard
Philadelphia, PA 19124

*And*

Case ID: 200102954

**4200 ROSE HOSPITALITY LLC and**
**4200 ROSE HOSPITALITY LLC d/b/a**
**DAYS INN**
4200 Roosevelt Boulevard
Philadelphia, PA 19124

*And*

**WYNDHAM HOTEL COMPANY**
**d/b/a DAYS INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**WYNDHAM HOTEL MANAGEMENT,**
**INC. d/b/a DAYS INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**WYNDHAM HOTELS AND RESORTS,**
**LLC d/b/a DAYS INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**DAYS INN**
4200 Roosevelt Boulevard
Philadelphia, PA 19124

*And*

**SURATI MANAGEMENT GROUP**
121 Drew Drive
Langhorne, PA 19053

*And*

**DAYS INN BY WYNDHAM d/b/a DAYS**
**INN**
4200 Roosevelt Boulevard
Philadelphia, PA 19124

3

Case ID: 200102954

| | |
|---|---|
| *And* <br><br> **WYNDHAM WORLDWIDE CORPORATION** <br> 22 Sylvan Way <br> Parsippany, NJ 07054 <br><br> *And* <br><br> **WYNDHAM HOTEL GROUP, LLC** <br> 22 Sylvan Way <br> Parsippany, NJ 07054 <br><br> *And* <br><br> **WYNDHAM HOTELS AND RESORTS, LLC** <br> 22 Sylvan Way <br> Parsippany, NJ 07054 <br><br> *And* <br><br> **WYNDHAM HOTELS AND RESORTS, INC.** <br> 22 Sylvan Way <br> Parsippany, NJ 07054 <br><br> *And* <br><br> **WYNDHAM HOTEL MANAGEMENT, INC.** <br> 22 Sylvan Way <br> Parsippany, NJ 07054 <br> *Defendants* | |

## COMPLAINT – CIVIL ACTION

Case ID: 200102954

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

"AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparence escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificaion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701"

## PARTIES

1.      Plaintiff, A.H., was born January 1, 1991 and is one of the thousands of victims of human trafficking and being victimized in hotels and/or motels across the United States.

2.      From the age of 17 to 18, A.H. was a victim of human trafficking. She was exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation, including Defendants. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Robert J Mongeluzzi, Esquire, Ara Richard Avrigian, Esquire, and K. Andrew Heinold, Esquire of Saltz, Mongeluzzi, Barrett & Bendesky, P.C., located at 1650 Market Street, 52nd Floor, Philadelphia, PA 19103.

3.      Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when being exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation.

4.      Defendant, Roosevelt Inn, LLC d/b/a Roosevelt Inn, is a corporation organized and existing under the laws of Pennsylvania with a place of business at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

Case ID: 200102954

5.     At all relevant times, Defendant Roosevelt Inn, LLC d/b/a Roosevelt Inn purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

6.     Defendant Roosevelt Motor Inn, Inc. is a corporation organized and existing under the laws of Pennsylvania with a place of business at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

7.     At all relevant times, Defendant Roosevelt Motor Inn, Inc. purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

8.     At all relevant times, Defendants Roosevelt Inn was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Roosevelt Inn.

9.     Defendant, UVFS Management Company, LLC, ("UVFS") is a corporation organized and existing under the laws of New York with a place of business located at 287 Bowman Avenue, Purchase, NY 10577.

10.     At all relevant times, Defendant UVFS purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

11.     At all relevant times, Defendant UVFS was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with UVFS.

12.     Defendant, Yagna Patel, is an adult individual residing at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

Case ID: 200102954

13.     Defendant, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. ("Alpha-Centurion") is a corporation organized and existing under the laws of Pennsylvania with a place of business located at 3720 West Chester Pike, Newtown Square, PA 19073.

14.     At all relevant times, Defendant Alpha-Centurion purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

15.     At all relevant times, Defendant Alpha-Centurion was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Alpha-Centurion.

16.     Defendant, Alpha Century Security, Inc., ("AC Security") is a corporation organized and existing under the laws of Pennsylvania with a place of business located at 3720 West Chester Pike, Newtown Square, PA 19073.

17.     At all relevant times, Defendant AC Security purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

18.     At all relevant times, Defendant AC Security was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with AC Security.

19.     At all relevant times, Defendants, Roosevelt Inn, LLC d/b/o Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS, Yagna Patel, Alpha-Centurion and AC Security owned, operated and/or managed a motel located at 7600 Roosevelt Boulevard, Philadelphia, PA 19152 ("The Roosevelt Inn").  Defendants, Roosevelt Inn, UVFS, Yagna Patel, Alpha-Centurion and AC Security are hereinafter referred to collectively as the "Roosevelt Inn Defendants."

Case ID: 200102954

20.     At all relevant times, the Roosevelt Inn Defendants acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doormen, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

21.     At all relevant times, the Roosevelt Inn Defendants, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evidence of human sex trafficking within the Roosevelt Inn where they worked.

22.     At all relevant times, the Roosevelt Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

23.     At all relevant times, the Roosevelt Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

24.     At all relevant times, the Roosevelt Inn Defendants received money and financially profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

25.     Defendant, Wyndham Hotel Company, d/b/a Ramada Inn, is a corporation organized and existing under the laws of New Jersey with a principle place of business at 22 Sylvan Way, Parsippany, NJ 07054.

26.     At all relevant times, Defendant Wyndham Hotel Company, d/b/a Ramada Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry

8

Case ID: 200102954

out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

27.    At all relevant times, Defendant Wyndham Hotel Company, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Company.

28.    Defendant, Wyndham Hotel Management, Inc., d/b/a Ramada Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054 .

29.    At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Ramada Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

30.    At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Management, Inc.

31.    Defendant, Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

32.    At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

33.    At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting

9

Case ID: 200102954

within the course and scope of their agency, service and/or employment with Wyndham Hotels and Resorts, LLC.

34.     Defendant Wyndham Worldwide Corporation d/b/a Ramada Inn is a corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

35.     At all relevant times, Defendant Wyndham Worldwide Corporation d/b/a Ramada Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

36.     Defendant Wyndham Hotel Group, LLC d/b/a Ramada is a limited liability corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

37.     At all relevant times, Defendant Wyndham Hotel Group, LLC d/b/a Ramada Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

38.     Defendant Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn is a corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

39.     At all relevant times, Defendant Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

Case ID: 200102954

40.     At all relevant times, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Wyndham Hotels & Resorts, Inc. owned, operated and/or managed a motel at 11580 Roosevelt Boulevard, Philadelphia, PA 19116 ("The Ramada Inn"). Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Wyndham Hotels & Resorts, Inc., are hereinafter referred to collectively as the "Ramada Inn Defendants."

41.     At all relevant times, the Ramada Inn Defendants acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doormen, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

42.     At all relevant times, the Ramada Inn Defendants, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evidence of human sex trafficking within the Ramada Inn where they worked.

43.     At all relevant times, the Ramada Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Ramada Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

44.     At all relevant times, the Ramada Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Ramada Inn.

11

Case ID: 200102954

45.     At all relevant times, the Ramada Inn Defendants received money and financially profited from the commercial sex acts occurring on the premises of the Ramada Inn.

46.     Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn is a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

47.     At all relevant times, Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

48.     Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

49.     At all relevant times,  Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn  purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

50.     Defendant, Days Inn, is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

51.     At all relevant times, Defendant Days Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

Case ID: 200102954

52.     Defendant, Days Inn by Wyndham d/b/a Days Inn, is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

53.     At all relevant times, Defendant Days Inn by Wyndham d/b/a Days Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

54.     Defendant Wyndham Worldwide Corporation d/b/a Days Inn is a corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

55.     At all relevant times, Defendant Wyndham Worldwide Corporation d/b/a Days Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

56.     Defendant Wyndham Hotel Group, LLC d/b/a Days Inn is a limited liability corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

57.     At all relevant times, Defendant Wyndham Hotel Group, LLC purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

58.     Defendant, Wyndham Hotel Company, d/b/a Days Inn, is a corporation organized and existing under the laws of Texas with an agent for service at c/o CT Corporation System, 600 N. Second Street, Suite 401, Harrisburg, PA 17101.

Case ID: 200102954

59.     At all relevant times, Defendant Wyndham Hotel Company, d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

60.     At all relevant times, Defendant Wyndham Hotel Company, d/b/a Days Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Company.

61.     Defendant, Wyndham Hotel Management, Inc., d/b/a Days Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

62.     At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

63.     At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Days Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Management, Inc.

64.     Defendant, Wyndham Hotels and Resorts, LLC, d/b/a Days Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

65.     At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

Case ID: 200102954

66.     At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotels and Resorts, LLC.

67.     Defendant Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

68.     At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotels & Resorts, Inc.

69.     Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principle place of business located at 121 Drew Lane, Langhorne, PA 19053.

70.     At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

71.     At all relevant times, Surati Management Group owned, operated and/or managed the Days Inn.

72.     At all relevant times, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, Wyndham Hotels & Resorts, Inc. and Surati Management Group

15

Case ID: 200102954

owned, operated and/or managed a motel at 4200 Roosevelt Boulevard, Philadelphia, PA 19116 ("The Days Inn"). Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Surati Management Group, are hereinafter referred to collectively as the "Days Inn Defendants."

73.     At all relevant times, the Days Inn Defendants acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doormen, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

74.     At all relevant times, the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evidence of human sex trafficking within the Days Inn where they worked.

75.     At all relevant times, the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

76.     At all relevant times, the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Days Inn.

Case ID: 200102954

77.     At all relevant times, the Days Inn Defendants received money and financially profited from the commercial sex acts occurring on the premises of the Days Inn.

## THE EXPLOITATION OF A.H.

78.     Human sex trafficking is a global multi-billion dollar enterprise that effects nearly every country, including the United States.

79.     Human trafficking is a form of modern-day slavery.

80.     Women and girls are disproportionately affected by human sex trafficking and account for the vast majority of victims in commercial sex trafficking.

81.     Globally, there are approximately five (5) million people trapped in forced sexual exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

82.     The hospitality industry, specifically hotels and motels, owe a duty to provide a safe premises for their guests and must protect them against reasonably anticipated conduct.

83.     Hotels and motels are frequented for both sex and labor trafficking business operations.

84.     The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

85.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et seq., it is a felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being subjected to sexual servitude.

86.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third parties. Moran v. Valley Forge Drive-In Theater, Inc., 246 A.2d 875, 879 (Pa. 1968).

Case ID: 200102954

87.    Beginning in the summer of 2008, A. H. was recruited into sex work by John Guerra and Elton "Marvin" Cromwell.    Guerra and Cromwell found A.H., a 17 year old runaway, alone on the streets of Kensington, Philadelphia, addicted to crack cocaine.

88.    Guerra and Cromwell took advantage of A.H.'s vulnerability and addiction to coerce and recruit A.H. into sex work.

89.    Guerra and Cromwell brought A.H. to the Ramada Inn on Roosevelt Boulevard, where Cromwell and a team of other female trafficking victims lived.

90.    A.H. was visited, at the Ramada Inn, by five to twenty "johns" per day, each of which were brought to a second room rented by Guerra and/or Cromwell.

91.    Plaintiff's traffickers put up internet advertisements for the purpose of prostituting trafficking victims, including Plaintiff.

92.    These advertisements often included both the name and address of the Roosevelt Inn, Days Inn and/or Ramada Inn.

93.    The advertisements included a fake name for Plaintiff and a phone number to call.

94.    During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, Days Inn and/or Ramada Inn.

95.    A.H. was ferried between the Ramada Inn, the Roosevelt Inn, and the Days Inn to sleep with other "johns" in hotel rooms.

96.    While at the Roosevelt Inn, Days Inn and/or Ramada Inn, hotel staff regularly entered the room in which A.H. and other trafficking victims lived.

97.    Guerra and/or Cromwell beat the girls, cracking their ribs and covering them with bruises.  These beatings were loud and terrifying, scaring the other girls in the room next door.

98.    No hotel staff ever investigated the noises of violence or called the police.

18

99.     The Roosevelt Inn Defendants' employees, servants, staff and/or agents, including Defendant Patel, provided hotel rooms and service to the human traffickers in exchange for sex acts with the traffickers' victims.

100.     The Roosevelt Inn Defendants, Days Inn Defendants and/or Ramada Inn Defendants' employees, servants, staff and/or agents exchanged cash tips from the traffickers in exchange for silence regarding the illegal activities occurring on the premises.

101.     The Roosevelt Inn Defendants, Days Inn Defendants and/or Ramada Inn Defendants' employees, servants, staff and/or agents, to the benefit of the hotels, provided protection and assistance to the traffickers by providing information regarding police intending to and/or entering the premises.

102.     For eight months, from the ages of 17 to 18, A.H. was exploited up and down Roosevelt Boulevard at the Defendants' motels.   None of the hotels' employees ever investigated, asked A.H. if she was safe, or picked up the phone and simply dialed 911.   A.H. was abused and exploited in plain sight.

## COUNT I – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et seq.

## A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC d/b/a ALPHA CENTURY SECURITY, INC., and ALPHA CENTURY SECURITY, INC.

103.     Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

104.     Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq., makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

105.     Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC , Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha

Case ID: 200102954

Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts.

106.   Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they know or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.   Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.   Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect

Case ID: 200102954

persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that persons on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.   The negligence of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, Yagna Patel, Alpha-Centurion Security Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

     a.     Failing to establish a security plan to prevent human trafficking on the premises;

     b.     Failing to establish a security plan to stop human trafficking on the premises;

     c.     Failing to implement and/or execute the security plan;

     d.     Failing to train employees on proper protocols and procedures for handling situations of human trafficking and/or commercial sexual activity;

     e.     Failing to train employees on identifying situations of human trafficking and/or commercial sexual activity;

     f.     Failing to control the premises;

     g.     Failing to monitor the premises;

     h.     Failing to provide and maintain a safe and secure premises;

     i.     Failing to provide and maintain safe access to the premises;

     j.     Failing to provide adequate and appropriate security;

     k.     Failing to properly hire and train employees to recognize, prevent and respond to criminal and unsafe activities including human trafficking and prostitution;

Case ID: 200102954

l.   Failing to provide safeguards to prevent against the foreseeable above-described conduct;

m.   Failing to inspect and supervise the premises and surrounding area adequately;

n.   Exchanging hotel services with human traffickers for sex acts with the trafficker's victims;

o.   Receiving cash tips with human traffickers in exchange for silence regarding the illegal activities occurring on the premises;

p.   Providing protection and assistance to the traffickers;

q.   Providing information regarding the police's intention and/or entrance onto the premises;

r.   Failing to improve existing security measures that they know or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed;

s.   Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

t.   Failing to have sufficient security measures to protect the guests and invitees such as plaintiff and prevent incidents such as that involved in this matter;

u.   Failing to establish adequate standards for the safe operation and management of the premises;

v.   Failing to provide reasonable and adequately trained personnel to provide protection to plaintiff and other lawful guests and invitees of the premises;

w.   Failing to adopt such other security measures that were necessary and reasonable to protect and/or safeguard lawful invitees and individuals present at or near the premises, such as plaintiff;

x.   Failing to investigate and act accordingly on the suspicious presence of the individuals who were perpetuating human trafficking and commercial sex acts;

y.   Failing to become apprised of the criminal acts that occurred on or the premises and to take reasonable preventative action in the connection therewith;

Case ID: 200102954

z.    Benefiting from the recruitment and/or enticement and/or harboring and/or transporting of Plaintiff, permitting her to be exploited and engage in commercial sex acts;

aa.    Exposing plaintiff to foreseeable and unreasonable risk of harm or bodily injury;

bb.    Creating a foreseeable and unreasonable risk of criminal acts and injury;

cc.    Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and invitees;

dd.    Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment;

ee.    Failing to prevent entry of unauthorized individuals onto the premises;

ff.    Failing to hire, select and/or retain personnel competent to provide proper and adequate professional services;

gg.    Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of invitees on the premises of the hotel;

hh.    Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance and patrolling of the premises;

ii.    Failing to detect and respond to commercial sex activity and human trafficking at the hotel;

jj.    Failing to conduct adequate surveillance of the premises of the hotel;

kk.    Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

ll.    Failing to respond and react to suspicious activity at the hotel;

mm.    Failing to adequately monitoring activity in the hotel and promptly reacting thereto for the safety of individuals, including Plaintiff;

nn.    Failing to prevent Plaintiff from being trafficked on the premises;

23

Case ID: 200102954

oo.   Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

pp.   Breaching duties under the Restatement of Torts (Second), including but not limited to §302, 318, 321, 323, 324A and 344;

qq.   18 Pa. C.S.A. § 3001, et seq.; and

rr.   Failing to exercise care, caution and diligence required under the circumstances.

109.   By harboring Plaintiff for commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

110.   By harboring Plaintiff for commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

111.   By harboring Plaintiff for commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

Case ID: 200102954

WHEREFORE, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. and ALPHA CENTURY SECURITY, INC.

112.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

113.    Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

114.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of

Case ID: 200102954

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. and ALPHA CENTURY SECURITY, INC.

115.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

116.    By harboring Plaintiff to perform commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress and proximately caused herm and damage to Plaintiff.

117.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC, UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT IV-NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. and ALPHA CENTURY SECURITY, INC.

118.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

119.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc., d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc. individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

120.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by thirds parties.

121.    Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents servants and employees, knew or should have known that failure to

27

Case ID: 200102954

hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

122.   Defendants  Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

123.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, cause severe injuries to Plaintiff including, but not limited to physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

124.   Due to Defendants failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of

Case ID: 200102954

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et seq.

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a RAMADA INN

125.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

126.    Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq., makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

127.    Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts.

128.    Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons lawfully on the premises of the Ramada Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they know

29

Case ID: 200102954

or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Ramada Inn on a repeated basis.

129.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn,  individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Ramada Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Ramada Inn.

130.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Ramada Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that persons on the premises of the Ramada Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC ,Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

Case ID: 200102954

a.  Failing to establish a security plan to prevent human trafficking on the premises;

b.  Failing to establish a security plan to stop human trafficking on the premises;

c.  Failing to implement and/or execute the security plan;

d.  Failing to train employees on proper protocols and procedures for handling situations of human trafficking and/or commercial sexual activity;

e.  Failing to train employees on identifying situations of human trafficking and/or commercial sexual activity;

f.  Failing to control the premises;

g.  Failing to monitor the premises;

h.  Failing to provide and maintain a safe and secure premises;

i.  Failing to provide and maintain safe access to the premises;

j.  Failing to provide adequate and appropriate security;

k.  Failing to properly hire and train employees to recognize, prevent and respond to criminal and unsafe activities including human trafficking and prostitution;

l.  Failing to provide safeguards to prevent against the foreseeable above-described conduct;

m.  Failing to inspect and supervise the premises and surrounding area adequately;

n.  Failing to improve existing security measures that they know or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed;

o.  Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

p.  Failing to have sufficient security measures to protect the guests and invitees such as plaintiff and prevent incidents such as that involved in this matter;

31

q.   Failing to establish adequate standards for the safe operation and management of the premises;

r.   Receiving cash tips with human traffickers in exchange for silence regarding the illegal activities occurring on the premises;

s.   Providing protection and assistance to the traffickers;

t.   Providing information regarding the police's intention and/or entrance onto the premises;

u.   Failing to provide reasonable and adequately trained personnel to provide protection to plaintiff and other lawful guests and invitees of the premises;

v.   Failing to adopt such other security measures that were necessary and reasonable to protect and/or safeguard lawful invitees and individuals present at or near the premises, such as plaintiff;

w.   Failing to investigate and act accordingly on the suspicious presence of the individuals who were perpetuating human trafficking and commercial sex acts;

x.   Failing to become apprised of the criminal acts that occurred on or the premises and to take reasonable preventative action in the connection therewith;

y.   Benefiting from the recruitment and/or enticement and/or harboring and/or transporting of Plaintiff, permitting her to be exploited and engage in commercial sex acts;

z.   Exposing plaintiff to foreseeable and unreasonable risk of harm or bodily injury;

aa.   Creating a foreseeable and unreasonable risk of criminal acts and injury;

bb.   Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and invitees;

cc.   Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment;

dd.   Failing to prevent entry of unauthorized individuals onto the premises;

Case ID: 200102954

ee.   Failing to hire, select and/or retain personnel competent to provide proper and adequate professional services;

ff.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of invitees on the premises of the hotel;

gg.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance and patrolling of the premises;

hh.   Failing to detect and respond to commercial sex activity and human trafficking at the hotel;

ii.   Failing to conduct adequate surveillance of the premises of the hotel;

jj.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

kk.   Failing to respond and react to suspicious activity at the hotel;

ll.   Failing to adequately monitoring activity in the hotel and promptly reacting thereto for the safety of individuals, including Plaintiff;

mm.   Failing to prevent Plaintiff from being trafficked on the premises;

nn.   Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

oo.   Breaching duties under the Restatement of Torts (Second), including but not limited to §302, 318, 321, 323, 324A and 344;

pp.   18 Pa. C.S.A. § 3001, et seq.; and

qq.   Failing to exercise care, caution and diligence required under the circumstances.

131.   By harboring Plaintiff for commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to

33

suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

132.     By harboring Plaintiff for commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

133.     By harboring Plaintiff for commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc., d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN,  WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN AND WYNDHAM HOTELS AND RESORTS LLC d/b/a RAMADA INN

134.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

135.    Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

136.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN, AND WYNDHAM HOTELS AND RESORTS LLC d/b/a RAMADA INN

137. Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

138. By harboring Plaintiff to perform commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress and proximately caused herm and damage to Plaintiff.

139. Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT VIII-NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN, AND WYNDHAM HOTELS AND RESORTS LLC d/b/a RAMADA INN

140. Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

141. Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

142. Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by thirds parties.

143. Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants

Case ID: 200102954

and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

144.     Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Ramada Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Ramada Inn would be victimized by, or subjected to, such criminal and/or violent acts.

145.     As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Ramada Inn, cause severe injuries to Plaintiff including, but not limited to physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

146.     Due to Defendants failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

Case ID: 200102954

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<div align="center">

**COUNT IX – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et seq.**

**A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC., d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP**

</div>

147.     Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

148.     Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq., makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

149.     Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn and Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or

Case ID: 200102954

apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts.

150.    Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.   Moreover, Defendants breached their duty of care because they know or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

151.    Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

Case ID: 200102954

152.   Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that persons on the premises of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

   a.   Failing to establish a security plan to prevent human trafficking on the premises;

   b.   Failing to establish a security plan to stop human trafficking on the premises;

   c.   Failing to implement and/or execute the security plan;

   d.   Failing to train employees on proper protocols and procedures for handling situations of human trafficking and/or commercial sexual activity;

41

Case ID: 200102954

e.   Failing to train employees on identifying situations of human trafficking and/or commercial sexual activity;

f.   Failing to control the premises;

g.   Failing to monitor the premises;

h.   Failing to provide and maintain a safe and secure premises;

i.   Failing to provide and maintain safe access to the premises;

j.   Failing to provide adequate and appropriate security;

k.   Failing to properly hire and train employees to recognize, prevent and respond to criminal and unsafe activities including human trafficking and prostitution;

l.   Failing to provide safeguards to prevent against the foreseeable above-described conduct;

m.   Failing to inspect and supervise the premises and surrounding area adequately;

n.   Failing to improve existing security measures that they know or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed;

o.   Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

p.   Failing to have sufficient security measures to protect the guests and invitees such as plaintiff and prevent incidents such as that involved in this matter;

q.   Failing to establish adequate standards for the safe operation and management of the premises;

r.   Receiving cash tips with human traffickers in exchange for silence regarding the illegal activities occurring on the premises;

s.   Providing protection and assistance to the traffickers;

t.   Providing information regarding the police's intention and/or entrance onto the premises;

42

Case ID: 200102954

u.   Failing to provide reasonable and adequately trained personnel to provide protection to plaintiff and other lawful guests and invitees of the premises;

v.   Failing to adopt such other security measures that were necessary and reasonable to protect and/or safeguard lawful invitees and individuals present at or near the premises, such as plaintiff;

w.   Failing to investigate and act accordingly on the suspicious presence of the individuals who were perpetuating human trafficking and commercial sex acts;

x.   Failing to become apprised of the criminal acts that occurred on or the premises and to take reasonable preventative action in the connection therewith;

y.   Benefiting from the recruitment and/or enticement and/or harboring and/or transporting of Plaintiff, permitting her to be exploited and engage in commercial sex acts;

z.   Exposing plaintiff to foreseeable and unreasonable risk of harm or bodily injury;

aa.   Creating a foreseeable and unreasonable risk of criminal acts and injury;

bb.   Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and invitees;

cc.   Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment;

dd.   Failing to prevent entry of unauthorized individuals onto the premises;

ee.   Failing to hire, select and/or retain personnel competent to provide proper and adequate professional services;

ff.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of invitees on the premises of the hotel;

gg.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance and patrolling of the premises;

Case ID: 200102954

hh.   Failing to detect and respond to commercial sex activity and human trafficking at the hotel;

ii.   Failing to conduct adequate surveillance of the premises of the hotel;

jj.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

kk.   Failing to respond and react to suspicious activity at the hotel;

ll.   Failing to adequately monitoring activity in the hotel and promptly reacting thereto for the safety of individuals, including Plaintiff;

mm.   Failing to prevent Plaintiff from being trafficked on the premises;

nn.   Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

oo.   Breaching duties under the Restatement of Torts (Second), including but not limited to §302, 318, 321, 323, 324A and 344;

pp.   18 Pa. C.S.A. § 3001, et seq.; and

qq.   Failing to exercise care, caution and diligence required under the circumstances.

153.   By harboring Plaintiff for commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

Case ID: 200102954

154.     By harboring Plaintiff for commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

155.     By harboring Plaintiff for commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess

Case ID: 200102954

of Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT X– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP

156.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

157.    Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

158.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel

Case ID: 200102954

Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP

159.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

160.    By harboring Plaintiff to perform commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress and proximately caused herm and damage to Plaintiff.

161.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and

Case ID: 200102954

4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT XII-NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP

162.     Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

163.     Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

Case ID: 200102954

164.     Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by thirds parties.

165.     Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

166.     Defendants  4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent

Case ID: 200102954

agents servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

167.     As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, cause severe injuries to Plaintiff including, but not limited to physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

168.     Due to Defendants failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel

50

Case ID: 200102954

Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT XIII-PUNITIVE DAMAGES

## A.H. v. ALL DEFENDANTS

169.     Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

170.     The facts averred about and all reasonable inferences which can be drawn from these facts, demonstrates conduct so outrageous as to rise to the level of intention, willful, wanton and/or reckless conduct.

171.     The facts averred above, and all reasonable inferences which can be drawn from those facts, demonstrates reckless indifference to the rights, health, safety and welfare of A.H.

172.     The facts averred above, and all reasonable inferences which can be drawn from those facts, demonstrates that the defendants proceeded to act in conscious disregard of or indifference to the known risk of serious harm to A.H.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc., Alpha Century Security, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, Wyndham Worldwide Corporation,

51

Case ID: 200102954

Wyndham Hotel Group, LLC 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

*Respectfully Submitted,*

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: */s/ Robert J. Mongeluzzi*
ROBERT J. MONGELUZZI
ARA RICHARD AVRIGIAN
K. ANDREW HEINOLD
*Attorneys for Plaintiff*

Case ID: 200102954

## <u>VERIFICATION</u>

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATE: 1/23/2020

_____
A.H.