# EXHIBIT "E"



March 16, 2020

Indra Patel, General Manager
4200 Rose Hospitality LLC
4200 Roosevelt LLC
4200 Roosevelt Boulevard
Philadelphia, PA 19124-3033

    Re:    AH. v. 4200 Roosevelt, LLC et al
              PCCP No. January Term 2020; No. 2954
              Insured:  4200 Roosevelt, LLC; 4200 Rose Hospitality LLC
              Claim No. 211840-GK
              Policy No. ACP BPMK 5403384960

Dear Mr. Patel:

      Nationwide Property and Casualty Insurance Company ("Nationwide" or "Company") acknowledges receipt of the above referenced Complaints filed by the A.H. Plaintiff against multiple defendants including 4200 Roosevelt LLC and 4200 Rose Hospitality LLC.  Nationwide has reviewed the allegations set forth in the Complaint and writes to advise that it has retained counsel to defend the interests of 4200 Roosevelt LLC and 4200 Rose Hospitality LLC (referred to herein as the Days Inn Defendants") subject to this reservation of rights letter.  Attorney Charles Spitz of the law firm of Post & Schell, P.C.will be in contact with you regarding the retention of the firm to represent the above identified Days Inn Defendants in the litigation subject to the limitations of this reservation of rights.

      The purpose of this letter is to explain the limitations of coverage for this litigation based upon the allegations of the Complaint filed by this Plaintiff. Based on the foregoing, Nationwide reserves its right to disclaim coverage under the policy, to intervene in the lawsuit and/or institute a declaratory judgment action to determine the extent of coverage, if any.

## The AH Complaint

      Plaintiff A.H. alleges that she was a minor victim of sex trafficking from the age of 17 to 18 at the Days Inn as well as two other hotels/motels owned by other



entities. She alleges that during unspecified dates commencing in the summer of 2008 and lasting for eight months, she was exploited by human traffickers to engage in commercial sex acts in a room at the Days Inn and other locations.

According to the Complaint, the Defendants were uniquely positioned to observe the indications of sex trafficking at the Days Inn, but failed to take steps to prevent such conduct from taking place. Complaint, ¶74. It is alleged that the Days Inn Defendants permitted the acts to occur and financially profited from them. Id. at ¶75-77. A.H. alleges that hotel staff regularly entered the room in which A.H. and other victims lived. It is alleged that the traffickers beat women, that the beatings were loud, and that hotel staff did not investigate or call the police. Id. at ¶98. A.H. alleges that she was abused and exploited in plain sight. Id. at ¶102.

A.H. alleges that the defendants' employees received cash tips from traffickers in exchange for their silence regarding the illegal activity on the premises. Id. at ¶100. It is alleged that the hotel staff provided protection and assistance to traffickers by providing information about police intent to enter the hotel. Id. at ¶101.

A.H. avers a negligence claim (Count IX) premised in part on the violation of the Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. §3001 et seq. In this regard, it alleged that the Days Inn Defendants, by and through their agents and employees, recruited, enticed, harbored and/or transported Plaintiff and thereby permitted her to be exploited and engage in commercial sex acts. Id. at ¶149. It is alleged that the Defendants knew or should have known that sex traffickers were causing Plaintiff to be sexually exploited and trafficked at the Days Inn on a repeated basis. Id. at ¶150. Plaintiff alleges that the Defendants should have reasonably anticipated that she would suffer serious bodily injury as a result of being victimized by violent crimes on the premises. Id. at ¶151.

It is alleged that by harboring Plaintiff, she was caused to suffer physical harm, mental anguish and humiliation and loss of life's pleasures. Id. at ¶153. Plaintiff also alleges that the Days Inn Defendants financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or stopping the practice. Id. at ¶154.

Plaintiff alleges that the Days Inn Defendants by harboring her for commercial sex acts, engaged in outrageous conduct in reckless disregard for her health and welfare, warranting the imposition of punitive damages. Id. at ¶155.

Plaintiff also pursues claims of negligent infliction of emotional distress (Count X), intentional infliction of emotional distress (Count XI), negligent



hiring/training/supervision (Count XII) and sets forth a separate Count for punitive damages (Count XIII).

### The Nationwide Policy

Nationwide Property and Casualty Insurance Company issued a commercial general liability insurance policy (No. ACP BPMK 5403384960) to 4200 Rose Hospitality LLC and 4200 Roosevelt Inn, LLC, dba Days Inn for the period of April 23, 2008 to April 23, 2009.

Please refer to the text of the Premier Businessowners Liability Coverage Form PB 0006 (0101) which states, in pertinent part, as follows:

Section I-Coverages

Coverage A- Bodily Injury and Property Damage Liability

1. Insuring Agreement

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "bodily injury" and "property damage" only if:



**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**2. Exclusions**

This insurance, including any duty we have to defend "suits", does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

This exclusion applies even if the resulting "bodily injury" …:

1) Is of a different kind, quality or degree than initially expected or intended; or
2) Is sustained by a different person .. than that initially expected or intended.

However, this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".



     **r.**    **Abuse or Molestation**

"Bodily injury" … arising out of:

1) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
2) The negligent:
    a) Employment;
    b) Investigation;
    c) Supervision;
    d) Reporting to the proper authorities, or failure to so report; or
    e) Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1 above.

Please refer to **Coverage B-Personal and Advertising Injury Liability:**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**



This insurance, including any duty we have to defend "suits", does not apply to:

a. "Personal and Advertising Injury";

1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

4) Arising out of a criminal act committed by or at the direction of any insured;

12) Arising out of:

   a) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
   b) The negligent:
       i)   Employment;
       ii)  Investigation;
       iii) Supervision;
       iv)  Reporting to the proper authorities, or failure to so report; or
       v)   Retention;

       of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph a) above.

Please refer to the following policy definitions.

SECTION V DEFINITIONS

   3.   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   14.   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:



      a.    False arrest, detention or imprisonment;

      b.    Malicious prosecution;

      c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

      f.    The use of another's advertising idea in your "advertisement";

      g.    Infringing upon another's copyright, trade dress or slogan in your advertisement.

Please refer to Section III-Limits of Insurance which states, in pertinent part, as follows:

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;
   b. Claims made or suits brought: or
   c. Persons … making claims or bringing suits.

2. The General Aggregate is the most we will pay for the sum of:

   b) Damages under Coverage A, except damages because of "bodily injury" … included in the "products-completed operations hazard".
   c) Damages under Coverage B.

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.



5. Subject to 2. or 3., whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A …

      because of all "bodily injury" … arising out of any one "occurrence".

The Policy Declarations reflect an Each Occurrence Limit of $1,000,000 for Coverage A and a General Aggregate of $2 Million. The Policy Declarations reflect a Personal and Advertising Injury Limit of $1 Million.

### Reservation of Rights

#### A. The Damages Claimed Might Not Be Caused By "Bodily Injury" Or Might Not Have Taken Place During the Policy Period

Coverage A of the Policy requires that the Plaintiff must have sustained damages because of "bodily injury" and that the "bodily injury" must have taken place during the policy period. The fact that Plaintiff suffered the indignity of having been sexually exploited or sustained humiliation or emotional injuries by reason of such conduct, does not establish the existence of a "bodily injury" as that term is defined by the policy. Further, if Plaintiff suffered a "bodily injury" by reason of the actions of the traffickers, the damages awarded might not be compensation for such "bodily injury", but instead because Plaintiff was sexually exploited by traffickers. Nationwide reserves the right to contest that any damages awarded or recovered are on account of a "bodily injury".

Under Pennsylvania law, the date of a "bodily injury" is determined by when the injurious effects of the negligent act first manifested itself in a way that would place a reasonable person on notice of the "bodily injury". The Plaintiff alleges that she was born on January 1, 1991 and was trafficked from the age of 17 to 18. Plaintiff states that she was recruited into sex work beginning in the summer of 2008. She states that she was exploited for eight months at several hotels.

The date on which Plaintiff might have sustained a "bodily injury" is not defined in the Complaint. Should it be determined that a "bodily injury" took place outside of the policy term, no coverage would be available for the Days Inn



Defendants' liability even if the sex trafficking took place during the policy term. The mere fact of sex trafficking activity does not establish the existence of a "bodily injury".

If these events took place after April 23, 2009, then there would not be any insurance coverage under the policy for this lawsuit and the Company reserves the right to disclaim coverage for the Days Inn Defendants' potential liability. <u>Because the date of "bodily injury" is important, you should notify the insurer(s) on this risk after April 20, 2009 and request that they provide a defense in this lawsuit</u>.

### B. Policy Does Not Cover Emotional Distress

The Complaint includes a claim for negligent infliction of emotional distress and intentional infliction of emotional distress. The definition of "bodily injury" does not include emotional distress that is not causally connected to a "bodily injury". The mere fact that Plaintiff was subjected to engage in commercial sex acts does not establish that she suffered a "bodily injury". Nationwide declines to provide indemnification for an award of damages on account of intentional or negligent infliction of emotional distress.

### C. Bodily Injury Must Be Caused By An "Occurrence"

Under Pennsylvania law, an "occurrence" refers to an unexpected and undesirable event occurring unintentionally and involving a degree of fortuity. An injury is not accidental if the injury was the natural and expected result of the insured's actions. An accident is an event that takes place without one's foresight or expectation and it is the opposite of something likely to occur or foreseeable in due course.

Based on the allegations of the Complaint, it is questionable whether the Days Inn Defendants' potential liability is based on an accident. It is alleged that the Days Inn Defendants through their agents and staff received cash tips from sex traffickers in exchange for silence, that they protected protection and assistance to the traffickers by giving tips about the arrival of police and that they financially benefitted from the trafficking activity. It is alleged that A.H. was abused in plain sight. These allegations, if credited, would demonstrate that the Days Inn Defendants, by and through its agents, employees or servants, were aware of, condoned or were complicit in the trafficking that took place at the hotel. To the extent that trafficking was permitted to occur on the premises without alerting law enforcement or taking other action to prevent the conduct, the injury sustained by the Plaintiff would not be considered to have been an "occurrence" or accident.



Nationwide reserves the right to contest that any damages claimed or recovered are due to an "occurrence", namely an accident or a fortuitous event.

### D. Coverage May Be Excluded Based on Expected Or Intended Injury Exclusion

The Policy contains an exclusion for an expected or intended injury which states that the coverage does not apply to:

#### Expected or Intended Injury

"Bodily Injury" or "property damage" expected or intended from the standpoint of the insured.

Under Pennsylvania law, the intended or expected injury exclusion is applied where the insured either intended to cause the harm or where the insured acted knowing that the injurious consequences were substantially certain to result. Plaintiff's Complaint alleges that Days Inn Defendants knowingly facilitated and profited from the exploitation of a minor for commercial sex acts. Plaintiff alleges that Defendants failed to stop the activity and/or notify the police. Sexual violation of a minor and the associated injuries was the expected and probable consequence of the alleged conduct. Plaintiff avers that the Defendants intentionally inflicted emotional distress. As such, Plaintiff's claims may be removed from coverage under the exclusion for expected or intended "bodily injury".

### E. Bodily Injury Arising Out of Personal and Advertising Injury

The Policy removes coverage for a "bodily injury" arising out of "personal and advertising injury". If the Complaint were construed as encompassing a claim for damages by reason of a "personal and advertising injury" offense, no coverage is afforded under Coverage A for any "bodily injury" that is factually connected to a "personal and advertising injury" offense.

### F. Coverage B- The Complaint Does Not Identify a Claim for Damages Due To a Personal and Advertising Injury Offense

Under Coverage B, the Policy confers "personal and advertising injury" coverage for damages "because of "personal and advertising injury" which is defined to include the offense of:

a. False arrest, detention or imprisonment;



Plaintiff does not set forth a Count for false arrest, detention or imprisonment nor does she allege the elements of a false imprisonment claim against the Days Inn Defendants. The claims against the Days Inn Defendants are based on claims of negligence, negligent hiring/retention/supervision and negligent or intentional infliction of emotional distress. Although Plaintiff avers facts which demonstrate that she was detained by the traffickers, the alleged liability of the Days Inn Defendants is premised on the alleged failure to intervene, stop, report or prevent the conduct from having taken place. Nationwide does not regard the Complaint as setting forth a claim for damages because of a "personal and advertising injury" offense and reserves the right to deny coverage for damages recovered on the grounds that Coverage B is not triggered.

### G. Allegations May Be Excluded Under Abuse or Molestation Exclusion of Coverage A or B

The Policy removes coverage under Coverage A or B for injury arising out of actual or threatened abuse or molestation by anyone while a person is in the care, custody or control of any insured. The Complaint describes both actual and threatened abuse or molestation. To the extent it is determined that A.H. was in the care, custody or control of the Days Inn Defendant(s), no coverage lies for any injury whether or not encompassed by Coverage A or B. In this regard, an innkeeper has a duty of reasonable care to persons on the premises. It is further averred in the Complaint that the Days Inn Defendants harbored A.H. on the premises within the meaning of the Human Trafficking Law. Custody is commonly defined as "immediate charge and control exercised by a person or an authority". The harboring of a person necessarily involves the fact of custody whether or not that custody is legally authorized.

The abuse or molestation exclusion applies to a "bodily injury" or "personal and advertising injury" that has some factual connection to an act of abuse or molestation and includes that which arises from negligent employment, investigation, supervision, retention or the failure to report to the authorities, pertaining to a person over whom the Days Inn Defendants have responsibility. The allegations of the A.H. Complaint includes such averments. Nationwide reserves the right to contest any obligation to defend or indemnify the Days Inn Defendants on the grounds that the Abuse or Molestation exclusion applies to this claim.

### H. Policy Removes Coverage For Knowing Violation of Rights Of Another

The Policy removes coverage for a "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate

Wendy L. Knouff  |  Field Consultant  |  Commercial Casualty  |  Complex Loss Division
PO Box 182068, Columbus, OH 43218  |  W (614)677.4131  |  F (866)309.0175  |  knoufw1@nationwide.com



the rights of another and would inflict "personal and advertising injury."  If the allegations of the Complaint were construed as involving a "personal and advertising injury" offense, this offense may have been committed with the knowledge of the Days Inn Defendants that such actions would violate the rights of another.  If so, then this exclusion would apply to defeat any coverage under Coverage B.

In this regard, the Complaint contains averments that the Days Inn Defendants, by and through their agents and servants, were actually or constructively aware of the fact that there were victims of human trafficking on the premises of the hotel and that they took no action to prevent the trafficking or to alert law enforcement.  The Complaint contains averments that the Days Inn Defendants harbored A.H. at the hotel.  These factual averments may establish that the Days Inn Defendants engaged in acts or omissions which caused A.H. to have been detained or imprisoned with the knowledge that A.H. would be held and exploited by the traffickers.  Nationwide reserves the right to contest any obligation to indemnify the Days Inn Defendants by virtue of the application of this exclusion.

**I.  Policy Removes Coverage for Criminal Conduct**

The Policy removes coverage for a "personal and advertising injury" which arises out of a criminal act committed by or at the direction of any insured. The Complaint details actions which may be criminal under the Pennsylvania Human Trafficking Law, notwithstanding the fact that the Complaint does not include a Count for relief under the statute.  In this regard, it is alleged that the Days Inn Defendants harbored A.H., that they financially benefitted from the trafficking activity including receiving cash tips from traffickers and that they alerted the traffickers to police activity.   An entity or person that harbors an individual bears criminal responsibility if it knows or recklessly disregards that the individual will be subjected to sexual servitude or if it or they knowingly benefits or receives anything of value from any act that facilitates a violation of Chapter 30 of the criminal code.

An insured includes the Days Inn "employees" for acts within the scope of employment or while they are performing duties related to the conduct of the business.  The allegations of the A.H. Complaint are that individuals permitted, condoned, or were complicit in the conduct of the traffickers in the course of their work or while performing duties at the Days Inn. Therefore, if persons employed by the Days Inn received cash tips from traffickers in exchange for their silence or alerted traffickers to police activity, such activity would violate Pennsylvania criminal law and trigger application of the criminal conduct exclusion.



### J. Pennsylvania Public Policy May Bar Insurance Coverage

Pennsylvania has enacted legislation outlawing human trafficking which is designed to impose legal liability on those persons that secondarily profit from sex trafficking through the imposition of criminal sanctions and civil remedies. Pennsylvania courts have held that in certain instances a dominant public policy will invalidate a contract duty on the basis of an important public policy.

The Complaint details trafficking activity encompassed by Title 18, Chapter 30. The Plaintiff specifically avers that the Days Inn Defendants harbored A.H. and violated the Human Trafficking Law. This legislation sets forth a policy that persons and entities which knowingly financially benefit from trafficking or which facilitate trafficking, are criminally responsible. Based on the prohibitions of the Human Trafficking Law, it may be contrary to public policy to indemnify the Days Inn Defendants for its/their liability for the conduct described in the Complaint. Therefore, irrespective of whether the claims are encompassed by the insurance contract, Nationwide reserves the right to assert that insurance coverage for this lawsuit, whether for defense or indemnity, is unavailable as a matter of Pennsylvania public policy.

### K. Punitive Damages Are Not Covered

Plaintiffs allege that the Days Inn Defendants facilitated the sex traffickers by failing to stop the activities or notify the police. Plaintiff seeks the recovery of punitive damages. Any claims for punitive damages do not represent a claim for damages due to "bodily injury" or a "personal and advertising injury", but are exemplary damages that are not covered by the Policy. In addition, punitive damages based on an insured's outrageous conduct are uninsurable as a matter of public policy. Therefore, Nationwide reserves the right to deny indemnification for any award of punitive damages or to pay for a settlement which encompasses payment for punitive damages exposure.

### L. Limits of Insurance

Under Section III-Limits of Insurance, the Each Occurrence limit is the most the company is obligated to pay for the sum of damages under Coverage A because of all "bodily injury" arising out of any one "occurrence". The Each Occurrence limit of $1 Million applies to the entirety of the claims made any injured person by reason of sex trafficking including the Plaintiff irrespective of the existence of more than one Defendant or insured or the possibility that there are multiple claimants who are asserting injury. In other words, the presence of more than one person claiming injury during this policy term, reduces the amount of policy limits available to



indemnify for the A.H. claim. The "occurrence" is the Days Inn Defendants' alleged negligent failure to take action sufficient to prevent the sex trafficking activity from taking place which resulted in the injury to any or multiple plaintiffs.

Accordingly, only one policy limit for a single policy period is triggered for purposes of Coverage A which is that policy in effect on the date on which the "bodily injury" was first reasonably manifest. Should it be determined that the "bodily injury" occurred during the policy period, and should insurance coverage otherwise exist, only one coverage period will apply up to the Each Occurrence limit of $1,000,000.00. To the extent that damages are sought in excess of this policy limit, the Days Inn Defendants should notify any and all excess carriers who provided insurance during the relevant policy period.

As the policy removes coverage for any "bodily injury" arising out of a "personal and advertising injury", the limits under Coverage A and B cannot be stacked.

### General Reservation of Rights

Nationwide reserves the right to rely upon any and all policy defenses whether or not expressly stated herein and specifically reserves its right to amend its coverage position where appropriate. The Company reserves the right to withdraw the assignment of legal counsel should it determine that there is no potential insurance coverage for this lawsuit. Nationwide reserves its right to file a declaratory judgment action to determine coverage. Nationwide reserves the right to intervene in the lawsuit should it be necessary to secure a special jury verdict. The Days Inn Defendant(s) are free to retain personal counsel to associate with the assigned defense counsel or to monitor the defense at their expense to protect their uninured exposure. Your acceptance of the defense on behalf of the Days Inn Defendants signifies the agreement of the Days Inn Defendants to receive legal representation pursuant to this reservation of rights.

Should you wish to submit any information or have any questions or concerns in connection with our evaluation of insurance coverage or this reservation of rights letter, please direct such communications to my attention.

Very truly yours,

NATIONWIDE INSURANCE



                                        Wendy Knouff, Field Consultant
                                        Commercial Casualty/Complex Loss

cc
Agent Timothy P. Wade, Inc.
Warren Bruce, IV
Charles Spitz, Esq.