**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 2:22-CV-02065 |
| v. | |
| 4200 ROOSEVELT LLC, 4200 ROSE HOSPITALITY, LLC, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL & RESORTS, INC., WYNDHAM HOTEL AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM HOTEL GROUP, LLC, SURATI MANAGEMENT GROUP, LLC, and A.H., AN INDIVIDUAL | |

**THE WYNDHAM DEFENDANTS' MOTION TO DISMISS OR STAY**
**PLAINTIFFS' COMPLAINT UNDER FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b)(1)**

1.      Defendants Wyndham Worldwide Corporation (n/k/a Travel + Leisure Co.);

Wyndham Hotels & Resorts, Inc.; Wyndham Hotels and Resorts, LLC; Wyndham Hotel

Management, Inc.; and Wyndham Hotel Group, LLC (collectively, the "Wyndham Defendants"),

through their attorneys K&L Gates LLP, respectfully move pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 28 U.S.C. § 2201 to dismiss Plaintiffs' Complaint for lack of subject matter

jurisdiction and because there is no "case" or "controversy" as required under Article III of the

Constitution.  Alternatively, the Wyndham Defendants move to dismiss or stay this action based

on the doctrine of abstention, and for other and further relief as the Court deems just and proper.

In support, the Wyndham Defendants submit the Wyndham Defendants' Brief in Support of the

Wyndham Defendants' Motion to Dismiss or Stay Plaintiffs' Complaint, dated September 2, 2022,

and the Declaration of Erin D. Fleury, which are being filed contemporaneously with this motion and are incorporated herein by reference as if fully set forth at length.

2.     Plaintiffs filed their Complaint on May 26, 2022, seeking a declaratory judgment that they have no duty to defend or indemnify the Wyndham Defendants with respect to the action captioned *A.H. v. Roosevelt Inn, LLC, et al.*, Case No. 200102954 (the "Underlying Action"), in which the Wyndham Defendants, among other parties, are named as defendants.

3.     The Underlying Action was filed by A.H. on January 24, 2020, in the Philadelphia County Court of Common Pleas, asserting claims against the Wyndham Defendants and others arising out of her alleged human trafficking. Upon the bankruptcy filing of certain other defendants in the Underlying Action, the Underlying Action was stayed on June 16, 2021 and then removed to the Eastern District of Pennsylvania on July 22, 2021.

4.     Around the same time, three other cases, each making allegations similar to the Underlying Action against the Wyndham Defendants, were also stayed and removed to the District Court.

5.     On October 27, 2021, the District Court remanded the Underlying Action and the three other cases back to state court, and they were placed on the deferred docket, which is the equivalent of a stay. Within weeks of being remanded, the other three cases were removed from the deferred docket and began to move forward with discovery, motions practice, and other developments.

6.     However, the Underlying Action has made no progress since being remanded. At the time this action was filed, the Underlying Action had been effectively stayed for more than one year, and no action has been taken to remove the Underlying Action from the deferred docket.  At this time, it has been over fourteen months with no change in the case's status.

313274628 v2

7.      Based on the fact that the Underlying Action has been effectively stayed for more than one year, Plaintiffs cannot establish a justiciable "case" or "controversy" regarding their duty to defend or indemnify the Wyndham Defendants. Because the Underlying Action is dormant, there is simply nothing to defend or indemnify, so Plaintiffs seek to invoke this Court's jurisdiction to litigate a non-existent dispute. To grant the declaratory judgment Plaintiffs seek, the Court would have to assume hypothetically that the Underlying Action will become active in the future. Such a ruling is not the purpose of the Declaratory Judgment Act, and it is not permitted by Article III of the Constitution.

8.      Additionally, as the case sits now and when it was filed in May, Plaintiffs cannot establish that there is excess of $75,000 in controversy, which is required to trigger this Court's subject matter jurisdiction under 28 U.S.C. § 1332. Given the status of the Underlying Action, there is no reasonable basis for Plaintiffs to expect that this action was worth greater than $75,000 at the time of filing or now.

9.      Finally, and alternatively, even if this Court has jurisdiction, which it does not, it should abstain from exercising it under the Declaratory Judgment Act because there is no legitimate benefit to litigating this action. Comparatively, the costs of litigating this action would be considerable for both parties, and Plaintiffs seek to litigate several issues that, should they obtain a favorable ruling by this Court, could significantly prejudice the Wyndham defendants in defending the Underlying Action and others like it.

10.     Indeed, Plaintiffs' filing of this action creates a palpable conflict of interest between the Plaintiffs' goal of defeating insurance coverage by any means necessary, including allegations essentially adopting the plaintiffs' allegations in the Underlying Action and contrary to their insureds' defenses, and Plaintiffs' obligations to protect their insureds' interests in the Underlying

Action. Plaintiffs seek to use this declaratory judgment action to resolve factual issues with no regard to how the resolution of such issues could prejudice the Wyndham Defendants in the Underlying Action. Pursuant to the Court's inherent authority and the Declaratory Judgment Act, this Court should abstain from hearing this case and either dismiss or stay the case.

11.     To the extent Plaintiffs oppose or object to this Motion, the Wyndham Defendants respectfully request that the Court allow oral argument to address the Motion and any opposition or objections to the same.

WHEREFORE, the Wyndham Defendants request that Plaintiffs' Complaint against the Wyndham Defendants be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the Wyndham Defendants request that the Court stay this action pending completion of the Underlying Action.

Dated: September 2, 2022                    Respectfully Submitted,

                                            */s/ Erin D. Fleury*
                                            **K&L GATES LLP**
                                            Erin Fleury (PA ID #320545)
                                            K&L Gates Center
                                            210 Sixth Avenue
                                            Pittsburgh, PA 15222
                                            Telephone: (412) 355-6500
                                            Erin.Fleury@klgates.com
                                            *-and-*
                                            Donald W. Kiel (*pro hac vice* anticipated)
                                            Anthony P. La Rocco (*pro hac vice* anticipated)
                                            One Newark Center
                                            Tenth Floor
                                            Newark, NJ 07102-5252
                                            Telephone: (973) 848-4000
                                            Donald.Kiel@klgates.com
                                            Anthony.LaRocco@klgates.com

                                            *Attorneys for the Wyndham Defendants*

313274628 v2