**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | CIVIL ACTION |
| v. | NO. 2:22-CV-02065 |
| 4200 ROOSEVELT LLC, 4200 ROSE HOSPITALITY, LLC, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL & RESORTS, INC., WYNDHAM HOTEL AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM HOTEL GROUP, LLC, SURATI MANAGEMENT GROUP, LLC, and A.H., AN INDIVIDUAL | |

**SECOND DECLARATION OF ERIN D. FLEURY IN SUPPORT OF THE
WYNDHAM DEFENDANTS' MOTION TO DISMISS OR STAY
PLAINTIFFS' COMPLAINT**

Erin D. Fleury hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1.      I am over 18 years of age, of sound mind and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2.      I am an associate at K&L Gates LLP and attorney for Wyndham Worldwide Corporation (n/k/a Travel + Leisure Co.); Wyndham Hotels & Resorts, Inc.; Wyndham Hotels and Resorts, LLC; Wyndham Hotel Management, Inc.; and Wyndham Hotel Group, LLC (collectively, the "Wyndham Defendants"), and I submit this Second Declaration in further support of the Wyndham Defendants' Motion to Dismiss or Stay Plaintiffs' Complaint.

3.      Attached hereto as Exhibit A is a true and correct copy of the Petitioners and Proposed Intervenors' Memorandum of Law in Support of Petition for Intervention filed by Nationwide Property and Casualty Insurance Company and Depositors Insurance Company on

August 14, 2020 in the case captioned *A.H. v. Roosevelt Inn, LLC et al.*, No. 200102954, in the Pennsylvania Court of Common Pleas for Philadelphia County. The information is publicly available and can be accessed through the court's portal at https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_00.zp_main_idx?uid=F0jURhrHCIolqsSYDxam&o=O5p5IRkaYxozKg8.

     I declare under penalty of perjury that the foregoing is true and correct. Executed on September 21, 2022.

*/s/ Erin Fleury*

**K&L GATES LLP**
Erin Fleury (PA ID #320545)
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Erin.Fleury@klgates.com

# Exhibit A

**FILED**
14 AUG 2020 04:23 pm
Civil Administration
F. HEWITT

**SWARTZ CAMPBELL LLC**
**BY:**   William T. Salzer
            Daniel H. Assaraf
Identification Nos. 42657/322158
One Liberty Place – 38th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:   215-299-5190
Fax:        215-299-4301
wsalzer@swartzcampbell.com
dassaraf@swartzcampbell.com

**Attorneys for Petitioners,**
Nationwide Property and Casualty Insurance
Company; Depositors Insurance Company

| | |
|---|---|
| A.H., | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY |
| vs. | |
| ROOSEVELT INN, LLC d/b/a ROOSEVELT INN; ROOSEVELT MOTOR INN, INC.; UVFS MANAGEMENT COMPANY, LLC; YAGNA PATEL; ALPHA-CENTURION SECURITY, INC. | JANUARY TERM, 2020 |
| d/b/a ALPHA CENTURY SECURITY, INC; ALPHA CENTURY SECURITY, INC; WYNDHAM HOTEL COMPANY d/b/a RAMADA INN; WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA IN; 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a DAYS INN; 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN; WYNDHAM HOTEL COMPANY d/b/a DAYS INN; WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN; WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN; DAYS INN; SURATI MANAGEMENT GROUP; DAYS INN BY WYNDHAM d/b/a DAYS INN; WYNDHAM WORLDWIDE CORPORATION; WYNDHAM HOTEL GROUP, LLC; WYNDHAM HOTELS AND RESORTS, LLC; WYNDHAM HOTELS AND RESORTS, INC.; WYNDHAM HOTEL MANAGEMENT, INC., | CIVIL ACTION NO. 002954 |

1

Case ID: 200102954
Control No.: 20081611

Defendants.

## PETITIONERS AND PROPOSED INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR INTERVENTION

Petitioners, Nationwide Property and Casualty Insurance Company ("Nationwide") and Depositors Insurance Company, by their undersigned counsel, submit this memorandum of law in support of the accompanying petition to intervene in this civil action for the purpose for participating in pre-trial proceedings solely with respect to the preparation of the jury verdict form and for the purpose of seeking answers to special jury interrogatories with respect to the basis for an award of punitive damages and as to the jury's verdict regarding to intentional tort counts.

## I.   MATTER BEFORE THE COURT

Before the Court is Petitioners and Proposed Intervenors, Nationwide Property and Casualty Insurance Company ("Nationwide") and Depositors Insurance Company's ("Depositor") Petition to Intervene pursuant to Rule 2328 of the Pennsylvania Rules of Civil Procedure.

## II.   STATEMENT OF THE QUESTION INVOLVED

1.   Whether Nationwide and Depositors, commercial general liability insurers of 4200 Roosevelt LLC and/or 4200 Rose Hospitality LLC, should be permitted to intervene in this action to participate in the preparation and submission of special Jury Interrogatories and the Jury Verdict slip to protect its interests regarding its potential duty to indemnify said Defendants if the jury returns an adverse verdict with respect to punitive damages?

[Suggested Answer: Yes.]

2

2.   Whether Petitioners should be permitted to intervene in this action to request a special jury verdict to ascertain whether the jury found in favor of Plaintiff on intentional tort Counts which are not covered under the policy?

[Suggested Answer: Yes.]

3.   Whether Petitioners should be permitted to intervene in this action to request a special jury verdict to ascertain whether the jury found that the 4200 Roosevelt Defendants violated the Pennsylvania Human Trafficking Law, 18 Pa. C.S.A. 3001 as averred in Count IX of the Complaint?

[Suggested Answer: Yes.]

## III.   <u>FACTS</u>

The Plaintiff, A.H., has filed this civil action alleging that she was a victim of sex trafficking from age 17 to 18 at several Philadelphia area hotels including the Days Inn allegedly operated by 4200 Rose Hospitality LLC and 4200 Roosevelt LLC ("referenced in the lawsuit as the "Days Inn Defendants"). <u>Plaintiff's Complaint</u>, ¶2, 46.  Plaintiff alleges that the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees, were uniquely positioned to observe the manifestations, indicia and evidence of human sex trafficking at the hotel.  <u>Id</u>. at  ¶74.  Plaintiff alleges that that the Days Inn Defendants individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the hotel and instead permitted heinous and unspeakable acts to occur and profited from them.  <u>Id</u>. at ¶75.  Plaintiff alleges that the Defendants, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the hotel.  <u>Id</u>. at ¶76.

Plaintiff alleges that A.H. was trafficked in the Days Inn to engage in commercial sex acts and that hotel staff regularly entered the room in which she and other victims of

3

Case ID: 200102954
Control No.: 20081611

sex trafficking "lived". <u>Id</u>. at ¶95-6.  It is alleged that these victims were subjected to loud beatings which were not investigated by hotel staff, nor were the police notified.  Id. at ¶97-8.

Plaintiff alleges that the Days Inn Defendants' employees, servants, staff and/or agents received cash tips from traffickers in exchange for silence regarding the illegal activity on the premises.  <u>Id</u>. at ¶100.  Plaintiff avers that said Defendants financially benefitted from the trafficking and provided protected and assistance to the traffickers by providing information regarding the police intended to or entering the premises.  <u>Id</u>. at ¶101.  A.H. states that she was trafficked for eight months, was abused and exploited in plain sight and the hotel defendants took no action.  <u>Id</u>. at ¶102.

Plaintiff avers that the Defendants violated the Pennsylvania Human Trafficking Law (Count IX),  18 Pa. C.S.A. § 3001, et seq., which makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.  <u>Id</u>. at ¶148.  Plaintiff alleges that the Defendants individually and/or by and through their agents, servants and employees, "did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts".  <u>Id</u>. at ¶149.  Plaintiff alleges that the Defendants knew or should have known of the sex trafficking but failed to take action to prevent it from taking place including informing the police.   Plaintiff alleges that by harboring Plaintiff for commercial sex acts, the Defendants caused Plaintiff to suffer injury.  <u>Id</u>. at ¶153.

Plaintiff also avers claims of negligent infliction of emotional distress (Count X), intentional infliction of emotional distress (Count XI), negligent hiring, training and

4

Case ID: 200102954
Control No.: 20081611

supervision (Count XII) and demands recovery of punitive damages (Count XIII). In Count XIII, Plaintiff avers that the Defendants engaged in outrageous, intentional, willful, wanton or reckless conduct and acted in conscious disregard of A.H.'s welfare. Id. at ¶170-172.

Nationwide issued a Premier Businessowners Policy No. ACP BPMD 5431888755 ("the Policy") for the period of April 23, 2008 to April 23, 2009. 4200 Roosevelt LLC is an insured under said policy  A true and correct copy of said policy is attached to the motion as Exhibit A.

The Nationwide Premier Businessowners Policy was cancelled, and re-written effective August 20, 2008 under a Premier Businessowners Policy issued by Depositors Insurance Company, Policy ACP BPMD 5431888755, which was in effect for the term August 20, 2008 through August 20, 2009. A true and correct copy of said policy is attached to the motion as Exhibit B. 4200 Roosevelt LLC is an insured under said policy.

As discussed below, Nationwide and Depositors seek to determine whether an award of punitive damages is based on the direct or vicarious liability of the 4200 Roosevelt Defendants as Pennsylvania public policy forbids the indemnification of an insured for its own outrageous conduct warranting imposition of punitive damages. Absent answers to special jury interrogatories, the basis of an award of punitive damages may be unclear for purposes of subsequently determining whether Pennsylvania public policy is implicated with regard to indemnification. Additionally, intervention is sought to clarify whether the jury concluded that the 4200 Roosevelt Defendants violated the Pennsylvania Human Trafficking Law. This determination is also germane as to whether public policy bars

Case ID: 200102954
Control No.: 20081611

indemnification.  Further, the Complaint includes both negligence and intentional tort claims.  A general verdict would not allow Nationwide, Depositors or their policyholders to readily determine whether the verdict is based on negligence or intentional tort, a fact pertinent to the existence of insurance coverage.

## IV.   ARGUMENT

### A.   Pennsylvania Law Authorizes Petition to Intervene

Intervention is governed by Pa. R.C.P. 2327, which states, in part:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if:

> (1)  the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa. R.C.P. No. 2327. However, under Pa. R.C.P. 2329, a court may refuse intervention when:

> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or
> (2) the interest of the petitioner is already adequately represented; or
> (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa. R.C.P. 2329.

An insurer has a right to intervene in litigation against its insured where entry of a judgment may impose an obligation of indemnity on the insurer.  Butterfield v. Giuntoli,

Case ID: 200102954
Control No.: 20081611

670 A.2d 646, 647, footnote 15 (Pa. Super. 1995).   See also <u>Bensalem Racing Association, Inc. v. ACE Property and Cas. Ins. Co.</u>, 2017 WL 5927496 (Pa. Super. 2017).  In <u>Butterfield</u>, the Superior Court held that an insurer seeking to resist a demand for indemnification against an award of punitive damages on the basis of Pennsylvania public policy, had the right to intervene in the tort action to secure a special jury verdict or answers to jury interrogatories that would be probative to whether the jury rendered an award of punitive damages based on direct or vicarious liability.  <u>Butterfield</u>, 670 A. 2d at 657.  Where the jury was charged on both direct and vicariously liability, but the verdict was general, the insurer was foreclosed from demonstrating that the basis of the award of punitive damages was for the defendant's own conduct.  <u>Id</u>.

The Superior Court reasoned that the insurer must exercise its right to intervene in such cases to determine the extent of its duty to indemnify:

> While in court, in chambers, or through the defense attorneys handling the case, Lexington [the insurer] had the **opportunity to request specific instructions on the question, specific interrogatories, or special verdict forms**. Moreover, if necessary, Lexington had the **option to intervene**. Yet, Lexington did not pursue any means available to them at the outset of the trial, during the trial, or immediately following the verdict in order to definitively determine its duty to indemnify the Trustees. Lexington's cavalier approach to the legal proceedings was risky because Lexington had the opportunity to resolve the issue by submitting specific instructions, specific interrogatories before or immediately after the verdict, or by seeking intervention, yet declined to do so based on its own independent assessment of the law.

<u>Butterfield</u>, 670 A.2d at 658 (emphasis added). Insurers, under <u>Butterfield</u>, have the right, and a legally recognized interest under Rule 2327, to intervene to seek clarity as to the basis of the jury verdict against an insured, if probative and necessary to the duty of

7

Case ID: 200102954
Control No.: 20081611

indemnification.  Likewise, in <u>Bensalem Racing Associates</u>, the Superior Court held that the jury in the tort case did not answer whether its finding on punitive damages was based on direct liability for its own conduct or was vicarious in nature.   <u>Bensalem Racing Associates</u>, 2017 WL 5927496 at *5.  These decisions stand for the proposition that the insurer has the right to intervene to seek clarity as to the basis of the jury's verdict if questions as to the foundation of that verdict are probative to insurance coverage questions.

As noted above, Plaintiff seeks to impose punitive damages on the 4200 Roosevelt Defendants. Plaintiff charges the Defendants with a violation of the Pennsylvania Human Trafficking Law and with actual or constructive notice of the existence of human sex trafficking on its premises.  If the jury awards punitive damages, it will be important to determine whether that award was imposed on the basis of vicarious liability or direct liability.  The trial judge would instruct the jury on the differences which will allow the jury to complete a special interrogatory to answer the question.   It should also be determined whether these Defendants violated the Pennsylvania Human Trafficking Law, including whether it harbored Plaintiff and/or financially benefitted from the sex trafficking in violation of the Human Trafficking Law.

The Human Trafficking Law criminalizes human trafficking as a felony.  18 Pa. C.S.A. §3011.  The law defines trafficking as a felony: (1) if the person recruits, entices, solicits, advertises, harbors, transports, provides, obtains or maintains an individual if the person knows or recklessly disregards that the individual will be subject to sexual servitude; 2) or knowingly benefits financially or receives anything of value from any act

Case ID: 200102954
Control No.: 20081611

that facilitates any activity described in paragraph 1). 18 Pa. C.S.A. §3011(a). A general verdict will not answer the question of whether the jury concluded that the Defendants violated the Human Trafficking Law. Indemnification against a judgment based on the violation of the Human Trafficking Law may be against public policy. <u>Minnesota Fire and Cas. Co. v. Greenfield</u>, 855 A. 2d 854 (Pa. 2004).

Petitioners' proposed intervention is permitted under Rule 2327 for a "determination of a legally enforceable interest" because Plaintiff's Complaint contains a mix of averments of negligent, intentional and criminal conduct or omissions. A general jury award for the Plaintiff and against the 4200 Roosevelt Defendants would not distinguish between the different Counts and theories that Plaintiff has alleged. For this reason, Petitioners propose to intervene to participate in the preparation of a special jury verdict form or jury interrogatories, so that the jury can indicate on what Counts they find for the Plaintiff, and if applicable, whether they find that the 4200 Roosevelt Defendants acted negligently or intentionally and whether they find that the Human Trafficking Law was violated.

None of the factors listed in Pa. R.C.P. 2329 weigh against Petitioners' proposed intervention. The intervention would be "subordinate to and in recognition of" the claims and defenses of the parties, because Petitioners do not have any independent claim. The intervention would not cause any undue delay, embarrassment, or prejudice to any party; rather, it seeks clarification of the basis of the verdict. Intervention will not delay the proceedings or trial, which has not been scheduled.

Case ID: 200102954
Control No.: 20081611

## V.      **RELIEF**

For the foregoing reasons, Petitioners respectfully request that this Court grant the

Petition to Intervene and enter the accompanying Order.

SWARTZ CAMPBELL LLC

s/William T. Salzer
William T. Salzer
Daniel Assaraf
Attorneys for Petitioners
Nationwide Property and Casualty Insurance Company

Depositors Insurance Company

Case ID: 200102954
Control No.: 20081611