# EXHIBIT C

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.H.  V. ROOSEVELT INN, LLC D/B/A ROOSEVELT INN; ROOSEVELT MOTOR INN, INC.; UVFS MANAGEMENT COMPANY, LLC YAGNA PATEL; ALPHA-CENTURION SECURITY, INC. D/B/A ALPHA CENTURY SECURITY, INC; ALPHA CENTURY SECURITY, INC; WYNDHAM HOTEL COMPANY D/B/A RAMADA INN; WYNDHAM HOTEL MANAGEMENT, INC. D/B/A RAMADA IN; 4200 ROOSEVELT LLC, AND 4200 ROOSEVELT LLC D/B/A DAYS INN, 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY LLC D/B/A DAYS INN; WYNDHAM HOTEL COMPANY D/B/A DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC., D/B/A DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC, D/B/A DAYS INN, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM D/B/A DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC,  WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTELS AND RESORTS, INC., AND WYNDHAM HOTEL MANAGEMENT, INC. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 1797 EDA 2020 |
| APPEAL OF: NATIONWIDE PROPERTY AND CASUALTY COMPANY | : : | |

Appeal from the Order Entered August 21, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200102954

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                                    Filed: October 7, 2021

Nationwide Property and Casualty Company ("Nationwide") and Depositor's Insurance Company ("Depositor's") (collectively, "Appellants") appeal from the Order denying Appellants' Petition to Intervene in this civil action arising out of a sex trafficking operation.[1]  We reverse and remand for further proceedings.

A.H. initiated the instant action on January 24, 2020, by filing a Complaint against various hotels and related defendants, including, *inter alia*, 4200 Roosevelt, LLC, and 4200 Roosevelt, LLC d/b/a/ Days Inn; and 4200 Rose Hospitality, LLC, and 4200 Rose Hospitality, LLC d/b/a Days Inn (collectively, "the 4200 Roosevelt Defendants").  The Complaint alleged that "[f]rom the age of 17 to 18, A.H. was the victim of human trafficking.  She was exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation[.]"  Complaint, 1/24/20, ¶ 2.  The Complaint generally alleged that the various defendants were aware of the sex trafficking occurring within their premises, failed to prevent it or report the conduct to proper authorities, and financially profited from the sex trafficking.  **See id.**, ¶¶ 21-24, 42-45, 74-77.  The Complaint includes several counts of negligence (relating to violation of Pennsylvania's Human Trafficking Law, 18 Pa.C.S.A. §§ 3001-3072); negligent infliction of emotional distress; intentional infliction of emotional distress; and negligent hiring, training, and/or supervision

---

[1] We will address the propriety of this appeal with Appellants' first claim, *infra*.

against various groups of defendants.  Additionally, A.H. sought punitive damages as to all defendants.

Following additional procedural matters not relevant to the instant appeal, Appellants filed a Petition to Intervene on August 14, 2020.  The Petition to Intervene explained Appellants' relationship to the action as follows:

> 3. Nationwide is defending [the 4200 Roosevelt Defendants] in this lawsuit under a reservation of rights.
>
> 4. Nationwide issued a Premier Businessowners Policy No. ACP BPMD 5431888755 [] for the period of April 23, 2008[,] to April 23, 2009.  4200 Roosevelt[,] LLC[,] is an insured under said policy. …
>
> 5. The Nationwide Premier Policy was cancelled and rewritten effective August 20, 2008[,] under a Premier Businessowners Policy issued by Depositor's … Policy ACP BPMD 5431888755[,] which was in effect for the policy term August 20, 2008[,] through August 20, 2009. …  [The 4200 Roosevelt Defendants] are insureds under said policy.

Petition to Intervene, 8/14/20, ¶¶ 3-5.  The relevant portion of the Liability Coverage Form provides as follows:

> I. COVERAGES
>
> A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. INSURING AGREEMENT
>
> > a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.

- 3 -

> HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

*Id.*, Exhibit A (Premier Businessowners Policy), Liability Coverage Form, at 2; 3 (detailing exclusions); 21 (defining "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.").

Appellants sought to intervene "solely with respect to the submission of special jury interrogatories and the jury verdict slip to assure that the basis of the jury verdict is clear to assist with respect to subsequent insurance coverage determinations as to potential indemnification of the 4200 Roosevelt Defendants." Petition to Intervene, 8/14/20, at 1. Specifically, Appellants wish to "determine whether an award of punitive damages is based on direct or vicarious liability," and "whether the jury found that the [4200 Roosevelt Defendants had] violated the Pennsylvania Human Trafficking Law." *Id.*, ¶¶ 7-8; *see also* Memorandum in Support of Petition for Intervention, 8/14/20, at 5-6 (explaining that a general verdict would not permit Appellants, as the insurers, to determine whether the verdict was based on negligence or intentional tort). The trial court denied Appellants' Petition to Intervene on August 21, 2020.[2]

---

[2] From the record, it does not appear that any parties opposed Appellants' Petition to Intervene.

- 4 -

On September 18, 2020, Appellants filed a Notice of Appeal. The trial court subsequently ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellants timely complied.[3]

On appeal, Appellants present the following issues for our review:

> 1. Whether the Superior Court has jurisdiction under Pa.R.A.P. 313 to hear this interlocutory appeal?
>
> 2. Whether the trial court abused its discretion when it misapplied the law pursuant to **Butterfield v. Giuntoli**, 670 A.2d 646, 658 (Pa. Super. 1995)[,[4]] which recognizes Appellants' right to interven[e] for the purpose of securing a record that will identify whether the jury's verdict is based on a claim for which indemnification may be barred by Pennsylvania public policy?
>
> 3. Whether the trial court abused its discretion when it disallowed a [P]etition to [I]ntervene on the grounds that Appellants' interests are already adequately represented by counsel pursuant to Pa.R.C.P. 2329(2)[,] where the appointed defense counsel represents the interests of the insured, not [] Appellants, where

---

[3] On October 26, 2020, this Court entered a Rule to Show Cause directing Appellants to explain whether this Court has jurisdiction to consider their appeal. On November 3, 2020, Appellants filed a Response, asserting that the Order denying their Petition to Intervene is immediately appealable as a collateral order. This Court subsequently discharged the Rule to Show Cause and referred the issue to the merits panel.

[4] In **Butterfield**, this Court addressed the trial court's grant of summary judgment in favor of the insurer, in a garnishment action to collect punitive damages awarded in an underlying medical malpractice action, where the insurer had refused to indemnify its insured. **See Butterfield**, 670 A.2d at 647-48. Based on the jury's verdict, it was impossible to identify whether the jury had assessed liability based on direct liability, vicarious liability, or both. **Id.** at 648, 650. This Court reversed the grant of summary judgment, holding that the insurer had the burden to establish the basis of the jury's verdict; the insurer had the option to file a petition to intervene, or to request specific jury interrogatories or instructions to clarify the issue; and the insurer nevertheless failed to establish the record to determine its duty of indemnification. **See id.** at 655-58.

- 5 -

> Appellants are defending their insureds under a reservation of rights to deny indemnity?
>
> 4. Whether the trial court abused its discretion when it disallowed a [P]etition to [I]ntervene on the grounds that Appellants' interests are already represented pursuant to Pa.R.C.P. 2329(2), without first holding a hearing where such factual matters may be addressed and objections raised?

Brief for Appellant at 2.

As an initial matter, we consider this Court's jurisdiction to entertain the instant appeal, which Appellants addressed in their first issue. Appellants argue that the Order denying their Petition to Intervene is an appealable collateral order. **Id.** at 11. In support, Appellants argue that the Order denying their Petition to Intervene is separable from the main cause of action, and it would be impossible to seek clarification regarding the jury's verdict after trial. **Id.** at 11-12.

"Whether an order is appealable under the collateral order doctrine under Pa.R.A.P. 313 is a question of law, subject to a *de novo* standard of review, and the scope of review is plenary." **Shearer v. Hafer**, 177 A.3d 850, 854 (Pa. 2018).

"An appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a).

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). All three prongs of the test must be satisfied before an appellate court can exercise jurisdiction. **See Rae v. Pa. Funeral Dirs. Ass'n**, 977 A.2d 1121, 1125 (Pa. 2009); **see also id.** at 1123, 1129 (explaining that the collateral order doctrine is narrowly construed, and adopting an issue-by-issue approach to its application); **Commonwealth v. Williams**, 86 A.3d 771, 780 (Pa. 2014) (stating that "the collateral order doctrine is to be narrowly construed in order to buttress the final order doctrine").

Instantly, Appellants' Petition to Intervene satisfies the separability prong of Rule 313(b) because Appellants' right to intervene can be resolved without addressing the merits of the underlying causes of action (*i.e.*, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent hiring). **See Williams**, 86 A.3d at 781 (stating that "[a]n order is separable from the main cause of action if it can be resolved without an analysis of the underlying dispute."). Further, resolution of the underlying action will not otherwise resolve the issue of indemnification. Finally, regarding the third prong, Appellants' ability to submit jury interrogatories or a special verdict form would be lost following the close of trial. **See Bogdan v. Am. Legion Post 153 Home Ass'n**, 2021 PA Super 127 (Pa. Super. filed June 23, 2021) (evaluating insurer's petition to intervene, and explaining that "[t]he petition to intervene in the underlying action … is the only way for [the insurers] to secure the reasons for the verdict

in order to sustain its burden of establishing whether any exclusions apply in the declaratory judgment action."). Thus, we conclude that the collateral order doctrine's requirements have been satisfied, and we will proceed to address the merits of the Appellants' claims.

We will address Appellants' remaining claims together.[5] Appellants assert that, as the 4200 Roosevelt Defendants' insurers, they have the right to intervene for the purpose of securing specific jury interrogatories or a special verdict to determine their duty of indemnification. *Id.* at 14-15; *see also id.* at 14 (stating that "[a]n insurer has a right to intervene in litigation against its insured where entry of a judgment may impose an obligation of indemnity on the insurer."). According to Appellants, clarification regarding the basis of the jury's verdict are "probative and necessary to the duty of indemnification[,]" and indemnification may be contrary to public policy. *Id.* at 15. Appellants claim that the trial court improperly concluded that defense counsel could adequately represent Appellants' interests. *Id.* at 16-18. Additionally, Appellants claim that the trial court erred by failing to hold the requisite hearing. *Id.* at 19.

As this Court has explained,

> [i]t is well established that a question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review. In ruling on a petition to intervene, the

---

[5] Appellants combined the discussion of their second and third claims in the Argument section of their brief.

> trial court is required to determine whether the allegations of the petition have been established and, assuming that they have, whether they demonstrate an interest sufficient to justify intervention.

***Bogdan***, 2021 PA Super 127, at *4 (quotation marks, citations and paragraph breaks omitted).

Pennsylvania Rules of Civil Procedure 2327 and 2329 govern who may intervene, and a trial court's actions on a petition to intervene. Rule 2327 provides, in relevant part, as follows:

> **Rule 2327. Who May Intervene**
>
> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered[.]

Pa.R.C.P. 2327(1).

> **Rule 2329. Action of Court on Petition**
>
> Upon the filing of the petition **and after a hearing, of which due notice shall be given to all parties**, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if
>
> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or
>
> (2) the interest of the petitioner is already adequately represented; or

- 9 -

> (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. 2329 (emphasis added).

Here, the trial court, without first holding the requisite hearing, denied Appellants' Petition to Intervene, based upon Rule 2329(2), *i.e.*, because Appellants' claims are adequately represented. According to the trial court, "a review of the Petition demonstrates, on its face, that [Appellants'] rights are adequately represented by retained defense counsel. Accordingly, any hearing would be a waste of judicial resources…." Trial Court Opinion, 1/11/21, at 6. The trial court stated that Appellants are defending the 4200 Roosevelt Defendants, and reasoned as follows:

> Although doing so under a reservation of rights, [Appellants] are fulfilling their duty to defend the [4200 Roosevelt Defendants]. Since [Appellants] have control over the attorneys defending the [4200 Roosevelt Defendants], [Appellants] have the ability to protect their interest by instructing retained defense counsel to include the requested interrogatories on the jury verdict slip. Accordingly, the interests of [Appellants] are already adequately represented, and this [c]ourt had the discretion to deny the Petition to Intervene.

*Id.* at 5.

Upon review, we conclude that the trial court manifestly abused its discretion in denying Appellants' Petition to Intervene. This Court has recognized that an insurer may be permitted to intervene in order to propose a special verdict form and jury interrogatories to assist in coverage determinations regarding indemnification. ***See Bogdan***, 2021 PA Super, at

\*5 (concluding that, where a liquor liability insurer filed a petition to intervene for purposes of requesting special interrogatories related to the jury's verdict, which would assist the insurer in subsequent coverage determinations, the trial court abused its discretion in denying such petition based on the insurer's delay in filing such petition); **see also Butterfield**, 670 A.2d at 658 & n.15 (reversing the grant of summary judgment in favor of insurer, and indicating that the insurer had the option to intervene, citing Rule 2327(1)). Appellants argued in their Petition to Intervene, and we agree, that defense counsel "is not expected to address any insurance coverage issues[.]" Petition to Intervene, 8/14/20, ¶ 13. Indeed, there is a clear potential for conflict between defense counsel, hired to represent the interests of the 4200 Roosevelt Defendants, and Appellants, who may have a duty to indemnify the 4200 Roosevelt Defendants. **See generally** Pa.R.C.P. 2327(1) (permitting intervention by a non-party if "the entry of a judgment … or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered[.]"). Accordingly, we reverse the Order denying Appellants' Petition to Intervene, and remand the matter to the trial court for further proceedings.

Order reversed. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

- 12 -

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/21

Docket No: 1797 EDA 2020                                                                 File Copy

AOPC 1231A
Rev. 10/07/2021
Instance: 2041122901

# Service List

| | | |
|---|---|---|
| Addressed To: | Daniel Haim Assaraf, Esq.<br>Swartz Campbell, LLC<br>1650 Market St<br>38th Floor<br>Philadelphia, PA  19103 | PACFile Notified |
| | Ara Richard Avrigian, Esq.<br>Saltz Mongeluzzi & Bendesky, PC<br>Saltz Mongeluzzi Et Al<br>1650 Market St Fl 52<br>Philadelphia, PA  19103-7390 | PACFile Notified |
| | Justina L. Byers, Esq.<br>BlankRome LLP<br>1 Logan Sq<br>130 North 18th St<br>Philadelphia, PA  19103-6998 | PACFile Notified |
| | Joel H. Feigenbaum, Esq.<br>Post & Schell, PC<br>Post & Schell Pc<br>1600 John F Kennedy Blvd Fl 13<br>Philadelphia, PA  19103 | |
| | Matthew Aaron Goldberg, Esq.<br>DLA Piper LLP (US)<br>Dla Piper<br>1650 Market St Ste 5000<br>Philadelphia, PA  19103-7300 | PACFile Notified |
| | Keith Andrew Heinold, Esq.<br>Saltz Mongeluzzi & Bendesky, PC<br>Saltz Mongeluzzi Et Al<br>1650 Market St Fl 52<br>Philadelphia, PA  19103 | PACFile Notified |
| | Nathan Paul Heller, Esq.<br>DLA Piper LLP (US)<br>Dla Piper Llp Us<br>1650 Market St Ste 5000<br>Philadelphia, PA  19103-7300 | PACFile Notified |
| | Robert J. Mongeluzzi, Esq.<br>Saltz Mongeluzzi & Bendesky, PC<br>Saltz Mongeluzzi Et Al<br>1650 Market St 52nd Fl<br>Philadelphia, PA  19103 | PACFile Notified |

Docket No: 1797 EDA 2020  **File Copy**

# Service List

| | | |
|---|---|---|
| Addressed To: | The Honorable Arnold L. New<br>Court of Common Pleas of Philadelphia County<br>606 City Hall<br>Philadelphia, PA  19107 | |
| Fax No: | (215) 686-3726 | |
| | James Joseph Quinlan, Esq.<br>Blank Rome LLP<br>One Logan Sq 130 N 18th St<br>Philadelphia, PA  19103 | |
| | William T. Salzer, Esq.<br>Swartz Campbell, LLC<br>Swartz Campbell LLC<br>1650 Market St 38th Fl<br>Philadelphia, PA  19103 | PACFile Notified |
| | Charles W. Spitz, Esq.<br>Post & Schell, PC<br>Post & Schell Pc<br>1600 John F Kennedy Blvd Fl 13<br>Philadelphia, PA  19103-2817 | |
| | Haley Torrey, Esq.<br>DLA Piper LLP (US)<br>Dla Piper Llp<br>1650 Market St Ste 5000<br>Philadelphia, PA  19103 | PACFile Notified |