## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
**BY:**   William T. Salzer, Esquire                    Attorneys for Plaintiffs
Identification No. 42657
Two Liberty Place - 28th Floor
50 South 16th Street
Philadelphia, PA 19102
(215) 564-5190
wsalzer@swartzcampbell.com

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br><br>                               Plaintiffs,<br><br>        v.<br><br>4200 ROOSEVELT LLC.<br>4200 ROSE HOSPITALITY, LLC.<br>WYNDHAM WORLDWIDE CORPORATION.<br>WYNDHAM HOTEL & RESORTS, INC.;<br>WYNDHAM HOTEL AND RESORTS, LLC;<br>WYNDHAM HOTEL MANAGEMENT, INC.<br>WYNDHAM HOTEL GROUP, LLC; SURATI<br>MANAGEMENT GROUP, LLC AND<br>A.H., AN INDIVIDUAL,<br>                               Defendants. | CIVIL ACTION<br><br>NO. 2:22-cv-02065 |

## PLAINTIFFS' SUR-REPLY TO WYNDHAM DEFENDANTS' REPLY BRIEF FILED IN SUPPORT OF WYNDHAM DEFENDANTS' MOTION TO DISMISS OR STAY

Plaintiffs, Depositors Insurance Company, Nationwide Property & Casualty

Company, AMCO Insurance Company and Nationwide Mutual Fire Insurance

Company submit this Sur-Reply to Defendants Wyndham Worldwide Corporation, Wyndham Hotel & Resorts, Inc., Wyndham Hotel and Resorts, LLC, Wyndham Hotel Management, Inc. and Wyndham Hotel Group, LLC's (the "Wyndham Defendants") Reply Brief in further support of their motion to dismiss or stay Plaintiff's Complaint [ECF Doc. 36].

### A. <u>A.H. Lawsuit is Pending and Creates Justiciable Controversy Over Coverage for Defense and Potential Indemnity as Wyndham Defendants Expressly Reserved Right to Seek Coverage</u>

In the insurance context, the justiciability of a declaratory judgment action hinges on whether a defendant is actually seeking to obtain coverage under the insurer's policy. <u>Security National Ins. Co. v. Amchin</u>, No. CV 15-750, 2016 U.S. Dist. LEXIS 47539 (E.D. Pa. Apr. 7, 2016). The Wyndham Defendants represent that they have no present need for the provision of a defense of the Underlying Action based on its current deferred status and their view that "revival is uncertain at best" yet they expressly reserve the right to seek coverage on the "contingency" that the Underlying Action is revived. <u>See</u> Wyndham Reply Mem. at p. 9. The Wyndham Defendants' express reservation in their Reply Brief of a right to seek coverage when the Underlying Action is procedurally removed from deferred status, undermines the Wyndham Defendants' mootness or justiciability argument.

A case will be moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. <u>Los Angeles Cty. v. Davis</u>, 440 U.S. 625 (1979), cited in <u>Sec. Nat'l. Ins. Co. v. Amchin</u>, *supra* at *16 (E.D. Pa. Apr. 7, 2016). In making this determination, courts consider whether granting a present

determination of the issues will have some effect in the real world and whether plaintiff's legal rights are still in controversy.  Amchin, *supra*.  While the likelihood a dispute will reemerge is a relevant consideration, see Korvettes, Inc. v. Brous, 617 F. 2d 1024 (3d Cir. 1980) (finding case moot where "nothing in the record indicated that the dispute would once again arise), a case ceases to be a live controversy if the possibility of the challenged conduct is only a speculative contingency.  Id.

Neither the 4200 Defendants nor the Wyndham Defendants have withdrawn a claim for coverage for the A.H. action, nor has the A.H. claimant discontinued her legal action.  Compare Sec. Nat'l. Ins. Co. v. FDIC, 2015 U.S. Dist. LEXIS 57794 (E.D. Pa. May 1, 2015) (insured affirmatively and expressly withdrew claim for coverage and "*also represented that it will never again resubmit this claim for coverage*".)   In Sec. Nat'l. Ins., the court noted that an insured's express reservation of the right to reassert its claim for coverage, as does Wyndham, defeated a mootness argument.  Id. at *11, citing Safeco Ins. Co. of Am. v. Constitution State Ins. Co., 1989 U.S. App. LEXIS 24414 at *2 (9th Cir. 1989) and Certain Underwriter's at Lloyd's London v. Argonaut Ins. Co., 500 F. 3d 571, 575 (7th Cir. 2007).  See also Admiral Ins. Co. v. K &K Roofing & Construction, LLC, No. 1:20-cv-399-LY, 2021 U.S. Dist. LEXIS 96194 (W.D. Tex. May 20, 2021) (insured represented that it unconditionally would not seek coverage in future for lawsuit, rendering moot declaratory judgment action).

Wyndham cites to State Farm Mut. Auto Ins. Co. v. Ormston, 550 F. Supp. 103 (E.D. Pa. 1982), a case in which a declaratory judgment action was filed regarding an uninsured motorists' claim despite the fact that the insured's attorney informed the

insurer that it was withdrawing the claim for uninsured motorists benefits without prejudice to his client's right to assert a claim at some later time. Given that the first party claim was withdrawn, there was nothing extant to adjudicate regarding coverage. Here, the A.H. lawsuit has not been discontinued.

The deferred status exists solely due to the co-Defendant's bankruptcy filing, an event which is irrelevant to A.H.'s legal rights for relief against movants, nor presents any ongoing impediment to the prosecution of the A.H. claim. The bankruptcy stay applies only to the co-Defendant debtors, the Roosevelt Inn parties, and does not extend to non-bankrupt co-defendants. Ass'n. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F. 2d 446, 448 (3d Cir. 1982). The bankruptcy judge assigned to the Debtors Roosevelt Inn's bankruptcy action has held that the automatic stay provision does not apply to stay prosecution of other plaintiffs' trafficking-based claims against the non-debtor defendants. See Order of Hon. Ashely M. Chan, Case No. 21-11697-amc (ECF Doc. 139) (U.S. Bankr. E.D. Pa. September 21, 2021) attached as Exhibit "A". Therefore, nothing in the record would suggest that the A.H. case presents only a speculative prospect of moving forward.

The Wyndham Defendants also argue that the Plaintiffs made an "admission" in the briefing that it would be improper to resolve factual issues that are implicated in the Underlying Action and that absent the resolution of those factual issues, the Complaint seeks a contingent, advisory ruling. See Wyndham Reply Mem. at p. 5. The duty to defend and *potential* duty of indemnity based on the factual allegations of the A.H. Complaint presents an immediate and actual controversy. The resolution

4

of this question is not contingent on the outcome of the tort case.   The fact that Plaintiffs, at this stage of the proceedings, do not seek to litigate whether a verdict is based on proven facts that are actually outside of the scope of coverage, does not make the defense and potential indemnity question speculative or contingent.

The "to the extent" language from the complaint cited by Wyndham is intended to track the allegations of the A.H. Plaintiff's Complaint that insofar as A.H. has alleged that the Defendants had actual or constructive knowledge of the sex trafficking activity at the Days Inn, such allegations control the coverage inquiry irrespective of the  Defendants' denial of any such actual or imputed knowledge. Gene's Restaurant, Inc. v. Nationwide Ins. Co., 548 A. 2d 246, 247 (Pa. 1988) ("in determining the duty to defend, the complaint claiming damages must be compared to the policy and a determination made as to whether, *if the allegations are sustained*, the insurer would be required to pay [the] resulting judgment…").

The Wyndham Defendants also argue that the requested declaration would not clarify any rights and obligations and would instead be contingent on the result of further findings based on the fact that the Plaintiffs had filed a petition to intervene in the Underlying Action. Reply Mem. at p. 6.  The filing of a petition to intervene to secure a special jury verdict or answers to a special jury interrogatory has no bearing on the duty to defend / potential indemnity question.  It was filed in anticipation of the possibility of a plaintiff's verdict to assist in the resolution of an indemnity question.  It was also filed to avert any argument or opposition to a petition to

intervene based on delay.  <u>See</u> Pa. R. Civ. P. 2329.   It does not demonstrate the contingent nature of the controversy over the duty to defend.

    **B.**    **<u>Reifer Factors Do Not Warrant Abstention</u>**

    As to their abstention argument under <u>Reifer</u>, Wyndham also incorrectly argues that if the petition to intervene is granted by the trial court following the remand from the Superior Court, that there would be a parallel state court proceeding under <u>Reifer</u>.  The intervention would not present for adjudication any insurance coverage issue such that there is no parallel state court action under Reifer.  <u>Kelly v. Maxum Specialty Ins. Group</u>, 868 F. 3d 274, 281 (3d Cir. 2017) ("there must be substantial similarity in issues and parties).

    The inconvenience factor has traditionally been viewed from the perspective of the locale of the federal court as compared to state court, not the expense of litigation as argued by Wyndham, as the cost of defending a state court declaratory judgment action would be no different than in federal court.  See e.g., <u>Sec. National Ins. Co. v. Summerfield</u>, No. 21-0895, 2021 U.S. Dist. LEXIS 91188 at \*7 (E.D. Pa. May 13, 2021); <u>Evanston Ins. Co. v. Sea Light Design-Build, LLC</u>, No. 1:20-cv-01685, 2022 U.S. Dist. LEXIS 56116 at \*8 (D. Del. Mar. 28, 2022); <u>Landmark Am. Ins. Co. v. Mandracchia</u>, No. 18-4949, 2019 U.S. Dist. LEXIS 140410 at \*8 (E.D. Pa. Aug. 19, 2019).

    Wyndham argues that Plaintiffs have not demonstrated the utility of a declaratory judgment and states that Plaintiffs do not explain how a declaratory judgment would affect the parties' plans of action in this case.  <u>Id</u>. at p. 7, citing

<u>Armstrong World Indus., Inc. v. Adams</u>, 961 F. 2d 405, 412 (3d Cir. 1992). Their argument on lack of utility rests on the unsupported assumption that the A.H. case will simply go away. There is no suggestion in A.H.'s answer to the Complaint that such is the case.

In all other respects, Plaintiffs incorporate the arguments set forth in their opening brief as to Defendants' abstention argument. For these reasons and those discussed in the opening brief, Plaintiffs respectfully request that the Wyndham Defendants' motion to dismiss or stay be denied.

Respectfully submitted,

SWARTZ CAMPBELL LLC

s/William T. Salzer
William T. Salzer
Attorneys for Plaintiffs
Depositors Insurance Company,
Nationwide Property & Casualty
Insurance Company, Nationwide Mutual
Fire Insurance Company,
AMCO Insurance Company